UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ROSANNA MAYO-COLEMAN,

                        Plaintiff,

                - against -

AMERICAN SUGAR HOLDING, INC., AND
ROBERT JANDOVITZ,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 17, 2015

14 Civ. 0079 (PAC) (KNF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On January 6, 2014, Plaintiff Rosanna Mayo-Coleman, *pro se*, commenced this action

alleging that her employer, American Sugar Holdings,[1] Inc., and its Human Resources Manager,

Robert Jandovitz, discriminated against her. Subsequently she retained counsel who filed an

Amended Complaint. The Amended Complaint alleges (1) hostile work environment and "an

atmosphere of adverse employment actions" based on Plaintiff's "gender, sex, race, and age"; (2)

discrimination based on gender, sex, race, and age, in violation of NYSHRL and NYCHRL; and

(3) retaliation and discrimination based on gender, sex, race, and age, "in violation of Federal

Law," NYSHRL, and NYCHRL.

Defendants move to partially dismiss the Amended Complaint, pursuant to Fed. R. Civ.

P. 12(b)(6), and to strike allegations from the Amended Complaint, pursuant to Fed. R. Civ. P.

12(f). Defendants also request a more definite statement of Plaintiff's claims, pursuant to Fed.

R. Civ. P. 12(e).

On March 2, 2015, Magistrate Judge Kevin Fox issued a Report and Recommendation

("R&R") that Defendants' partial motion to dismiss be granted, Defendants' motion to strike be

---

[1] Defendant American Sugar Holdings, Inc. is identified incorrectly in the Amended Complaint as American Sugar Holding, Inc.

1

On March 2, 2015, Magistrate Judge Kevin Fox issued a Report and Recommendation ("R&R") that Defendants' partial motion to dismiss be granted, Defendants' motion to strike be granted in part, and denied in part, and Defendants' motion for a more definite statement be denied.

## I.   Background

Plaintiff began working at American Sugar Holdings in 1988. She alleges that, beginning in 2008, her supervisor Tyrone Smith began to sexually harass her.[2] According to the Amended Complaint, when Plaintiff rebuffed Smith's sexual advances, Smith retaliated by, *inter alia*, denying Plaintiff overtime opportunities, assigning her additional responsibilities, and failing to submit documentation so that Plaintiff could be paid on time. Plaintiff asserts that she complained about Smith's behavior to her other supervisors and to members of American Sugar Holdings' human resources department, including Defendant Jandovitz, but no one intervened.

In September 2012, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination. The EEOC complaint also referenced alleged "sexual[] harassment and retaliat[ion]." The EEOC issued a notice of right to sue on November 27, 2013.

## II.   Report and Recommendation

### A. Partial Motion to Dismiss

Magistrate Judge Fox recommends dismissal of Plaintiff's federal race and age discrimination claims, because Plaintiff failed to exhaust her administrative remedies by presenting those claims to the EEOC. (R&R at 8); *see Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Plaintiff's race and age discrimination claims were not included in her

---

[2] The facts alleged in the Amended Complaint are more fully set forth in Magistrate Judge Fox's Report and Recommendation.

EEOC complaint. Nor are those claims "reasonably related" to the allegations presented to the EEOC, because the "conduct complained of" does not "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of" Plaintiff's sex discrimination claim. (R&R at 8 (citing *Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001))). Plaintiff concedes that she "inadvertently included" the federal race and age claims in the Amended Complaint, and instead "meant to limit the Federal Claim to sex and gender discrimination." Opp. Mtn. 2.

Magistrate Judge Fox also recommends that this Court decline supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL race and age discrimination claims. (R&R at 9); *see Crespo v. N.Y. City Transit Auth.*, 2002 U.S. Dist. LEXIS 2977, at \*32-33 (E.D.N.Y. Jan. 7, 2002).

**B. Motion to Strike**

Magistrate Judge Fox recommends striking as immaterial the allegations in the Amended Complaint that relate solely to race and age discrimination. Since those claims have been dismissed, evidence in support of those allegations would not be relevant. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *Nycomed US Inc. v. Glenmark Generics Ltd.*, 2010 U.S. Dist. LEXIS 29267, at \*28 (S.D.N.Y. Mar. 26, 2010).

The R&R recommends denying the motion to strike allegations regarding: (1) Plaintiff's early employment history; (2) acts that occurred from 2002 through 2006; and (3) an EEOC complaint that Plaintiff filed in 1999. (R&R at 10). Defendants have not demonstrated, "on the sterile field of the pleadings alone," that Plaintiff's employment history and prior EEOC complaint "could not possibly be relevant" to her discrimination claims. *See Lipsky*, 551 F.2d at 893.

3

**C. Motion for a More Definite Statement**

Magistrate Judge Fox recommends denying Defendants' motion for a more definite statement, because Plaintiff's Amended Complaint is not "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." (R&R at 11 (quoting *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981))). Defendants' request for specificity is "more appropriately clarified by discovery . . . than by an order for a more definite statement." (R&R at 12 (quoting *Covington v. City of New York*, 1999 U.S. Dist. LEXIS 14574, at *28-29 (S.D.N.Y. Sept. 22, 1999))).

**III.   Discussion**

The Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may "adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 U.S. Dist. LEXIS 14045, at *2 (S.D.N.Y. Feb. 10, 2011). The parties had fourteen days after being served with the R&R to file written objections to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Their failure to do so results in waiver of any objections. *See Thomas v. Arn*, 474 U.S. 140, 148-49 (1985). Accordingly, the Court reviews the R&R for clear error. Finding none, the Court hereby adopts the R&R in full.

4

**IV.    Conclusion**

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED.

Defendants' motion to strike is GRANTED with respect to allegations relating solely to

Plaintiff's race and age discrimination claims, and DENIED with respect to all other allegations.

Defendants' motion for a more definite statement is DENIED.


Dated: New York, New York
       July 17, 2015

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge

5