UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSANNA MAYO-COLEMAN,

              Plaintiff,

       -against-

AMERICAN SUGAR HOLDING, INC. and
ROBERT JANDOVITZ,

              Defendants.
------------------------------------------------------------------X

MEMORANDUM AND ORDER

14-CV-0079 (PAC)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/16

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Rosanna Mayo-Coleman ("Mayo-Coleman") made a motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling the defendants "to produce the personnel files of Plaintiff's similarly situated male comparators, along with documents and/or information evidencing prior complaints of discrimination and retaliation at the Defendants' Yonkers, New York facility." Mayo-Coleman's motion was partially successful, in that the Court directed the defendants to disclose to Mayo-Coleman the personnel files of her co-workers that she sought. However, the Court found that compelling the defendants to disclose all their Yonkers-facility-based discrimination and retaliation complaints, as Mayo-Coleman requested, was not warranted as the motion record did not establish that the requested information was relevant to the parties' claims or defenses and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Court found, further, that the defendants were substantially justified in refusing to disclose that information to Mayo-Coleman.

      Before the Court is Mayo-Coleman's motion for attorneys' fees, pursuant to Fed. R. Civ. P. 37. Mayo-Coleman seeks $6,675, for the legal services her counsel provided to her in connection with the motion to compel. The defendants oppose the plaintiff's motion for attorneys' fees. They maintain that, inasmuch as the "Motion to Compel was only partially successful in that it was granted, in part, and denied, in part" and the "Defendants incurred significant fees in opposing the Motion to Compel [$5,937.50]," the plaintiff's motion "should be denied and each party should have to bear their [sic] own expenses in connection with the Plaintiff's partially successful Motion to Compel."

Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(c). "A district court has wide discretion to impose sanctions, including severe sanctions, under Fed. R. Civ. P. 37." Design Strategy Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006). In exercising that discretion, the court may draw upon its "first hand familiarity with all the pertinent circumstances of the particular case." JSC Foreign Economic Association Technostroyexport v. Int'l Development & Trade Servs., Inc., No. 03-CV-5562, 2005 WL 1958361, at *11 (S.D.N.Y. Aug. 16, 2005)(citation omitted).

In the case at bar, the Court has considered the arguments urged on it by the parties in support of and in opposition to the plaintiff's request for an award of the attorneys' fees she incurred in connection with her Fed. R. Civ. P. 37 motion to compel. The Court has also drawn upon its familiarity with this case. Having done so, the Court finds that, in the circumstance of this case, where the: (i) plaintiff's motion sought disclosure of two categories of information and was only partially successful; and (ii) Court determined that the defendants were substantially justified in failing to disclose one of the categories of information sought through the plaintiff's motion, no award of attorneys' fees to the plaintiff is warranted. See Schanfield v. Sojitz Corporation of America, 258 F.R.D. 211, 217 (S.D.N.Y. 2009)(no apportionment of expenses appropriate given mixed results on motion to compel). Instead, the parties should bear their own motion-related expenses, including the attorneys' fees incurred in connection with the motion to compel. Accordingly, the plaintiff's motion, Docket Entry No. 105, is denied.

Dated: New York, New York
November 16, 2016

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

-2-