UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

ROSANNA MAYO-COLEMAN,

                Plaintiff,

- v. -

AMERICAN SUGARS HOLDING, INC., AND BOB
JANDOVITZ

                Defendants.

------------------------------------------------ x

Civil Action No. 14-cv-0079 (PAC)

December 22, 2016

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants
One Landmark Square, Suite 1800
Stamford, CT 06901
Telephone: (203) 348-3737
Fascimile:  (203) 326-7580

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................... 1
**ARGUMENT** .................................................................................................................................. 2
    **A.**  **Inadmissible Evidence and Similar Distractions Cannot Defeat Summary Judgment**
        2
      i.   The Gaffney and Paniccia Affidavits Have No Probative Value ................................. 2
      ii.  Plaintiff Makes New Arguments Which Are Not Part Of the Record ............................ 4
    **B.**  **Plaintiff's Claims Fail Under Title VII, NYSHRL and the NYCHRL** ....................... 5
    **C.**  **Plaintiff's Claims Against Robert Jandovitz Should Be Dismissed** ............................. 6
    **D.**  **Plaintiff's Disparate Treatment Claims Cannot Survive Summary Judgment** .......... 7
    **E.**  **Plaintiff's Hostile Work Environment Claims Fail** ......................................................... 9
    **F.**  **Plaintiff's Retaliation Claims Must Be Dismissed** ........................................................ 10
**CONCLUSION** ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfano v. Costello*,
   294 F.3d 365 (2d Cir. 2002)..................................................................................................9

*Armstrong v. Metro. Trans. Auth.*,
   2014 U.S.Dist. LEXIS 121159 (S.D.N.Y. Aug. 28, 2014)....................................................8

*Chansamone v. IBEW Local 97*,
   523 Fed. Appx. 820 (2d Cir. 2013).......................................................................................3

*Dagliano v. Eli Lilly Pharm. Drug Co.*,
   2013 U.S. App. LEXIS 22567 (2d Cir. 2013) ......................................................................2

*Farias v. Instructional Svcs.*,
   259 F.3d 91 (2d Cir. 2001)....................................................................................................5

*Feingold v. New York*,
   366 F.3d 138 (2d Cir. 2004)..................................................................................................5

*Fisher v. Vassar College*,
   114 F.3d 1332 (2d Cir. 1997)................................................................................................5

*Ramsey v. New York City Health and Hospitals Corp.*,
   2000 U.S. Dist. LEXIS 7510 (S.D.N.Y. June 1, 2000).........................................................7

*Richerson v. Niagara Mohawk Power Corp.*,
   2001 U.S. Dist. LEXIS 11384 (W.D.N.Y. July 27, 2001), at * 11.......................................8

*Romero v. Howard Johnson Plaza Hotel*,
   1999 U.S. Dist. LEXIS 15264 (S.D.N.Y. Sept. 29, 1999)....................................................7

*Taylor v. Potter*,
   2004. U.S. Dist. LEXIS 15992 (S.D.N.Y. Aug. 16, 2004)................................................5, 8

*Terry v. Ashcroft*,
   336 F.3d 128 (2d Cir. 2003)..................................................................................................9

*Williams v. New York City Hous. Auth.*,
   61 A.D. 3d 62 (1st Dept. 2009).............................................................................................5

*Williams v. New York City Housing Auth.*,
   61 A.D.2d 62 (1st Dep. 2009).............................................................................................10

## PRELIMINARY STATEMENT

In support of their Motion for Summary Judgment, Defendants presented undisputed facts establishing that: (i) Plaintiff's sex discrimination claims fail as a matter of law; (ii) Plaintiff was not subjected to a hostile work environment; (iii) Plaintiff was not retaliated against; (iv) Plaintiff was not improperly denied overtime; and (iv) there is no basis to hold Defendant Jandovitz personally liable in this case.

Plaintiff's Opposition completely fails to demonstrate a genuine issue regarding the material facts presented by Defendants. With regard to Plaintiff's sex discrimination claim based on allegedly insufficient overtime opportunities, Plaintiff offers no admissible evidence refuting Defendants' proof that (1) all overtime in her department was to be shared pursuant to the terms of the Collective Bargaining Agreement ("CBA"), negating Plaintiffs' premise that she was entitled to preferential treatment for overtime based on her seniority; (2) Plaintiff received more than her fair share of overtime and often received substantially more overtime than her male co-workers; and (3) Plaintiff does not have the skillset to perform Firewatch helper overtime, which was offered by a different department and not subject to shared overtime in Plaintiff's department. Most importantly, Plaintiff still cannot identify a single instance when she was denied overtime offered in her department in favor of a male employee. Her allegations regarding the loss of overtime based on Plaintiff's gender are just as vague and unsubstantiated now as they were when Plaintiff commenced this action.

Turning to Plaintiff's sexual harassment claim, Plaintiff does not refute Defendants' proof (consisting primarily of Plaintiff's own deposition testimony) that the handful of statements allegedly made by Smith occurred during a relatively brief period from February and May 2012 and were not sufficiently severe or pervasive to establish a hostile work environment. Plaintiff also fails to offer any actual evidence that she complained about the alleged harassment

prior to August 2012, when American Sugar conducted an investigation of her complaints but was thwarted because Plaintiff refused to cooperate with the investigation.

These are the key issues in this case and establish as a matter of law that Plaintiff does not have an actionable claim of gender discrimination or sexual harassment.

## ARGUMENT

### A. Inadmissible Evidence and Similar Distractions Cannot Defeat Summary Judgment

To defeat summary judgment, Plaintiff must demonstrate that a material fact is genuinely in dispute. In other words, "reliance upon conclusory statements or mere allegations is insufficient to defeat a summary judgment motion." *Dagliano v. Eli Lilly Pharm. Drug Co.*, 2013 U.S. App. LEXIS 22567, *2 (2d Cir. 2013). Plaintiff's opposition to Defendants' motion fails on all counts and Defendants are therefore entitled to judgment as a matter of law.

i. <u>The Gaffney and Paniccia Affidavits Have No Probative Value</u>

Seeking to divert the Court's attention from the undisputed material facts, Plaintiff submitted affidavits from two former employees of American Sugar: Fred Gaffney and Fred Paniccia. Those affidavits have no probative value and should be stricken from the record, as they do not even purport to assert any relevant facts based on personal knowledge. Both affidavits appear to have been ghost written by Plaintiff's attorney and repeat the same conclusory and unsupported allegations that were contained in the Amended Complaint. Moreover, both affidavits are based almost entirely on inadmissible hearsay, speculation and vague statements that cannot defeat summary judgment. As just one representative example of the type of improper and inadmissible statements found throughout the affidavits, the Gaffney affidavit states at paragraph 23 that: "[Plaintiff] told me that Debbie Troche also told her that she should not be doing firewatch work because of the heavy lifting of pipes required by the position." (Goddard Decl., Ex. 3, Gaffney Aff. at ¶ 23). The inadmissible hearsay found in both

2

affidavits cannot defeat summary judgment. See *Chansamone v. IBEW Local 97*, 523 Fed. Appx. 820, *823 fn 1 (2d Cir. 2013).

The Gaffney affidavit also contains vague statements that are not based on Mr. Gaffney's personal knowledge and wholly unsubstantiated. For example, ¶ 38 in the Gaffney affidavit states that "[Plaintiff] only got offered ¼ of the storeroom overtime shifts and got offered none of the firewatch overtime shifts, while Regan Shepard was offered ¼ of the store room overtime shifts and continued to get the vast majority of the firewatch overtime." Mr. Gaffney does not provide any basis for that statement, much less claim to have personal knowledge of the matter. The Gaffney affidavit does not bother to state that he reviewed overtime records or any other documentation.

The Gaffney affidavit also contains allegations that have nothing to do with the present matter. (See Gaffney Aff. ¶¶ 41 and 53). It is clear that Mr. Gaffney's motivation is to malign his former employer by signing an affidavit, obviously written by Plaintiff's counsel, that has no evidentiary value. His affidavit adds nothing to this case and should be stricken.

The Paniccia affidavit is equally insufficient to defeat summary judgment. Mr. Paniccia has not even worked at American Sugar since 2011, which was prior to the time period when Plaintiff claims she was harassed. The Paniccia affidavit actually contradicts Plaintiff's own allegations. For example, he makes a vague claim that Plaintiff complained to him about sexual harassment and he reported it to HR in or about 2010, but Plaintiff testified that the sexual harassment began in 2012, after Paniccia retired from American Sugar. (Faherty Decl. Ex. B, Plaintiff Dep. Tr. pp. 184-186). Not surprisingly, Mr. Paniccia does not state who Plaintiff complained about or name the HR employee to whom he allegedly spoke to.) These vague

assertions do not meet the evidentiary standards necessary to defeat summary judgment and should not be considered by the Court.

    ii.    <u>Plaintiff Makes New Arguments Which Are Not Part Of the Record</u>

Throughout Plaintiff's Opposition, she improperly interposes new facts into the record in order to save her crumbling case. Plaintiff alleges, *for the first time,* that American Sugar and Jandovitz changed the CBA provisions regarding assignment of overtime from a seniority basis to a shared basis to retaliate against her. (Opp. Mem of Law at p. 6; Plaintiff's Counter Statement of Material Facts ¶¶ 16.2, 17.1, 17.2). There is no evidence to support Plaintiff's bizarre claim that American Sugar took it upon itself to unilaterally modify a provision in a CBA -- the product of extensive negotiations between American Sugar and the Union -- solely to retaliate against Plaintiff. It is preposterous for Plaintiff to even suggest that the company and Union conspired to change the CBA's overtime provisions to punish her. Plaintiff's desperate and paranoid accusations, which border on delusional, demonstrate that this entire lawsuit is baseless.

Plaintiff also argues, *for the first time,* that the Company recently placed an "appalling" cap on overtime, which caused her financial damage. (Opp. Memo of Law at p. 7). Troche testified that there is no overtime cap, but that the Company is trying to reduce overtime expenses. (Faherty Reply Decl., Ex. A, Troche Dep. P. 152). Of course, an overtime cap does not support Plaintiff's claims, as she does not suggest that it applied solely to her.

Finally, Plaintiff argues, *for the first time*, that in an effort to avoid having to give Plaintiff overtime, American Sugar outsources the overtime assignments to third parties. (Opp. Memo of Law at p. 7). Again, there is no evidence that contractors have been used to avoid having to give Plaintiff overtime. Plaintiff asserts this string of unrelated arguments in an attempt to establish that the company "has gone to great lengths to preclude Plaintiff from earning extra monies by working overtime shifts, whether in the pipe shop of doing window

4

work." Those bare assertions and suspicions, which border on the absurd, do not rebut Defendants' overwhelming evidentiary showing that it is entitled to summary judgment. "To defeat a summary judgment motion.... the non-moving party must set forth specific facts showing that there are genuine issues for trial." *Taylor v. Potter*, 2004. U.S. Dist. LEXIS 15992, *32 (S.D.N.Y. Aug. 16, 2004). Plaintiff has not done so here.

### B. Plaintiff's Claims Fail Under Title VII, NYSHRL and the NYCHRL

In a Title VII case, the plaintiff first must make out a *prima facie* case and establish circumstances giving rise to an inference of discriminatory intent. *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). If a plaintiff satisfies that initial burden, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Farias v. Instructional Svcs.*, 259 F.3d 91, 98 (2d Cir. 2001). Courts in the Second Circuit review discrimination claims under the NYSHRL using the same standards applicable to Title VII claims. *Id.* Here, Plaintiff failes to make a *prima facie* case because no rational trier of fact could conclude that discrimination was a motivating factor in Plaintiff's various complaints.

Even if Plaintiff could demonstrate a *prima facie* case, Plaintiff must also demonstrate that the "defendants' proffered reason for the adverse employment action is not the real reason." *Fisher v. Vassar College*, 114 F.3d 1332, 1337 (2d Cir. 1997). Plaintiff has not set forth any evidence to rebut Defendants' explanations regarding Shepard's assignment to Firewatch helper overtime. Nor does she deny that she lacks the necessary skill set that Shepard possessed or provide evidence refuting the Mendonca Affidavit, which confirms that Plaintiff had no right to any Firewatch helper overtime, as it was not subject to the Storeroom's shared overtime.

Even under the more lenient standard of the NYCHRL, Plaintiff's Opposition falls short. The primary issue is "whether the plaintiff has proven by a preponderance of the evidence that she has been treated less well than other employees because of her gender." *Williams v. New*

5

*York City Hous. Auth.,* 61 A.D. 3d 62, *78 (1st Dept. 2009). Plaintiff fails to offer any evidence of how she was treated less well, let alone that she was treated less well *because of* her gender.

### C. Plaintiff's Claims Against Robert Jandovitz Should Be Dismissed

Plaintiff has offered nothing to demonstrate a material issue of fact sufficient to avoid dismissal of her claims against Jandovitz.[1] Again demonstrating her reliance on unsupported allegations that are divorced from reality, Plaintiff claims that Jandovitz had a personal animus against her and, in a stunning leap of logic, concludes that he personally participated in the discrimination she was allegedly subjected to. Not surprisingly, Plaintiff offers no facts to support these allegations. To the contrary, the record indicates that once Plaintiff informed Jandovitz on August 9, 2012 that she was being harassed by Smith, he immediately met with her to discuss her allegations. (Faherty Decl., Ex. C, Jandovitz Dep. Tr. p 88-89). Jandovitz's meeting notes indicate that this was the first time Plaintiff complained to him about any alleged sexual harassment: "When asked why she didn't bring this to HR, she stated that she really tried hard not to bring it up to HR." (Faherty Decl. Ex. P). Plaintiff offers nothing in opposition but her own bare assertions that she reported sexual harassment, but Jandovitz refused to act.

In her Opposition, Plaintiff admits that Jandovitz met with her, but makes the bald assertion that he did not ask her how he could help Plaintiff or make accommodations for her. (Plaintiff's Counter Statement of Material Facts ¶ 37.1). Even if that was true, it does not come close to providing a basis to sue Mr. Jandovitz in his individual capacity. In addition, Jandovitz's notes of the meeting directly refute this allegation: "I asked Rosanna to explain as

---

[1] Plaintiff concedes that there is no individual liability under Title VII and therefore her allegations against Defendant Jandoitz under Title VII must be dismissed. (Plaintiff Opp. Memo of Law at p. 21).

6

referenced in the letter what creates stress on her job, to explain her claim of harassment and discrimination and any accommodations we can provide for her." (Faherty Decl. Ex. P).

Plaintiff also alleges that Jandovitz "enforced" an overtime policy that detrimentally affected her. This is unsupported conjecture that Jandovitz, an HR representative, had the authority to enforce and/or change overtime policy and did so to harm Plaintiff. Jandovitz did not assign overtime or implement any overtime rules and the record is devoid of evidence suggesting otherwise. Plaintiff's inclusion of Jandovitz as a defendant is merely a cynical ploy to gain some perceived leverage.

Dismissal of the claims against Jandovitz are equally warranted under the NYSHRL and NYCHRL, which require greater culpability, such as direct complaints to the individual at issue regarding the complained of discrimination, and a refusal by such individuals to undertake action. *Romero v. Howard Johnson Plaza Hotel*, 1999 U.S. Dist. LEXIS 15264, (S.D.N.Y. Sept. 29, 1999). Here, the evidence shows that Plaintiff did not complain to Jandovitz until August 9, 2012 and Jandovitz promptly met with Plaintiff which was immediately followed by an investigation of her claims. There is no evidence that Jandovitz was aware of the alleged unlawful discrimination but failed to take corrective action, much less that he actively participated in it. Plaintiff's claims against Jandovitz must be dismissed.

### D. Plaintiff's Disparate Treatment Claims Cannot Survive Summary Judgment

Plaintiff fails to establish that the overtime assignments were distributed in a manner that gives rise to an inference of discrimination. Plaintiff does not deny that she received substantial overtime and often earned more overtime than male Storeroom employees. Plaintiff also fails to present evidence that she was denied any overtime work, let alone that any such denial was due to her gender. See *Ramsey v. New York City Health and Hospitals Corp.*, 2000 U.S. Dist. LEXIS

7

7510, *21 (S.D.N.Y. June 1, 2000) ("an overtime job may have on various occasions been taken away from plaintiff and given to another maintenance worker is not evidence of a discriminatory employment practice adverse to plaintiff for purposes of his disparate treatment claim.")

Plaintiff alleges that she was "repeatedly passed over for firewatch overtime shifts" but provides no details as to when she was passed over, who was given overtime instead of her, or how the alleged denial of overtime was due to her sex. Plaintiff claims there was a "six-week period" in 2012 when she did not receive overtime (Plaintiff's Counter Statement of Material Facts ¶22.2) but cannot specify when that six-week period occurred[2] even after receiving extensive payroll records in discovery. In fact, Plaintiff's payroll records for 2012 confirm there was no 6-week period when she did not receive overtime. (Faherty Reply Decl. Ex. B).[3]

Plaintiff also fails to identify any specific overtime opportunities that were given to male employees instead of her. For this reason as well, her claim cannot survive summary judgment. *Armstrong v. Metro. Trans. Auth.*, 2014 U.S.Dist. LEXIS 121159, * (S.D.N.Y. Aug. 28, 2014)(no inference of discrimination when Plaintiff failed to identify specific overtime opportunities given to Caucasian or male employees); *Richerson v. Niagara Mohawk Power Corp.*, 2001 U.S. Dist. LEXIS 11384 (W.D.N.Y. July 27, 2001), at * 11 (disparate treatment claims dismissed when plaintiff conclusorily asserted that she did not receive overtime).

Plaintiff also fails to demonstrate that specific overtime opportunities were not given to her for discriminatory reasons. *Taylor v. Potter*, 2004 U.S. Dist. LEXIS 15992 (S.D.N.Y. Aug. 16, 2004). Defendants provided legitimate reasons why Shepard may have received more

---

[2] She also cannot establish whether Shepard was assigned the overtime during that time period and how her sex was a factor in the alleged denial of overtime during that period.

[3] Plaintiff took a leave of absence from June 6, 2012 until August 13, 2012, and obviously did not work overtime during that time span, but that could not possibly be the period of time about which Plaintiff complains.

8

Firewatch helper overtime and Plaintiff does not dispute that she lacks the necessary welding skillset. Plaintiff also failed to refute the Mendonca Affidavit, which confirmed that Firewatch helper overtime is not part of the shared overtime available to Storeroom employees.

### E. Plaintiff's Hostile Work Environment Claims Fail

Plaintiff's hostile work environment claims arise from her vague allegations that: (a) her supervisor, Smith, subjected her to sexual harassment; (b) she was denied Firewatch overtime; (c) she was assigned more cleaning than male co-workers; (d) she was "micromanaged and held to a higher standard than male co-workers"; and (e) she was disciplined more harshly. There is absolutely no evidence to support these allegations. Plaintiff must first show that "the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). The test is whether "the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003). Plaintiff's hostile work environment claim fails in all respects.

Smith's alleged inappropriate comments to Plaintiff were not so severe or pervasive that a reasonable jury could find that it constituted a hostile work environment. Plaintiff does not refute the fact that Smith's alleged conduct, which allegedly occurred between February and May, 2012, was sporadic and did not occur with regularity. Although Plaintiff's Counter Statement of Material Facts claims in ¶ 23.1 that the harassment commenced in 2008, Plaintiff testified that could recall any harassment prior to 2012. (Dep. Tr. p. 182, 188, 192).

Plaintiff's additional complaints do not give rise to a hostile work environment claim under Title VII or the NYSHRL. Nor can these allegations support a claim under the NYCHRL, as the alleged acts complained of amount to exactly the kinds of petty slights and trivial

9

inconveniences that do not state a claim under the NYCHRL. *Williams v. New York City Housing Auth.*, 61 A.D.2d 62, 80 (1st Dep. 2009).

### F. Plaintiff's Retaliation Claims Must Be Dismissed

Plaintiff's retaliation claims rest on vague and conclusory allegations that cannot defeat summary judgment. Plaintiff alleges that ASR retaliated against her by stripping her of her ability to work Firewatch overtime, demoting her to the sanitation department[4], contracting overtime work out to third parties and placing a cap on overtime. In addition, Plaintiff argues, without support, that her paycheck issues were not corrected as quickly as they were for other employees. Plaintiff offers no record evidence to establish that these events even occurred, let alone that they were acts of retaliation. Therefore, the retaliation claims must be dismissed.

### CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendant American Sugar Holdings, Inc. and Bob Jandovitz

By: *s/Robert Goldstein*
Robert D. Goldstein
250 Park Avenue
New York, New York 10177-0077
Telephone: (212) 351-4500
Email: rgoldstein@ebglaw.com

And

By: *s/ Carol Faherty*
Carol J. Faherty
One Landmark Square, Suite 1800

---

[4] Plaintiff wrote to Jandovitz on October 18, 2012 requesting a transfer to the Sanitation department. See letter to Jandovitz, Faherty Reply Decl., Ex C).

10

Stamford, Connecticut 06901
Telephone: (203) 348-3737
Email: cfaherty@ebglaw.com

**TO:** Megan S. Goddard, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001

11