UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ROSANNA MAYO-COLEMAN,

     Plaintiff,

 - against -

AMERICAN SUGAR HOLDINGS, INC., AND BOB JANDOVITZ,

     Defendant.
------------------------------------- x

Case No.: 14-cv-0079 (PAC)

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

Defendant, American Sugars Holding, Inc. ("Defendant" or the "Company"), by its attorneys, Epstein Becker & Green, P.C., respectfully requests that the Court include the following Case Summary and questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure.

## Case Summary

Plaintiff Rosanna Mayo-Coleman currently works as a Storeroom Assistant in the Engineering at Defendant American Sugar Holdings, Inc. Plaintiff asserts claims of hostile work environment based upon her sex in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Plaintiff contends that former employee Tyronne Smith, who was her supervisor at American Sugar from 2008 until 2013, sexually harassed her and created a sexually hostile working environment. American Sugar contends that Ms. Mayo Coleman's claims of hostile work environment are without merit.

1. On the basis of this brief description, is there any reason why any of you would not be able to sit as jurors and decide this case only on the basis of the evidence that you hear and the law as the Court instructs you?

## Jurors' Familiarity with the Parties

    **A.**    **Plaintiff**

2. Do any of you know the Plaintiff Rosanna Mayo Coleman? She resides in Yonkers, New York.

3. Plaintiff is a member of Local 74 of the United Service Workers Union ("Local 74").

    a. Are you now, or have you ever been, a member of a union? If so, which one?

    b. Are you a non-union employee or manager in a unionized employer?

    c. If yes, would that fact prevent you from reaching an unbiased verdict based only on the evidence that you will hear in this trial?

    **B.**    **Defendant American Sugar**

4. The Defendant is American Sugar. Have you, any family member or any personal friend ever worked for American Sugar? If so, when and in what capacity did you (or they) perform work?

5. American Sugar manufactured "Domino" brand sugar, with which you are no doubt familiar. Do you have an opinion or feelings at this time, either positive or negative, about American Sugar?

6. American Sugar is occasionally in the news, either on television or in the newspaper. Have you read any newspaper article or heard any news report about American Sugar or its products in the last three years? If so, what have you read or heard and would it influence you in this proceeding?

7. Have you or any member of your family ever worked in any capacity in a factory setting? If so, in what capacity did you (or they) work? If you no longer work there, why did you

leave?  Would you or your family member's past employment in a factory setting influence the way you would evaluate the evidence in this case?

8. Other than employment, have you, any family member or any personal friend ever had any personal or business dealings with American Sugar? If so, what were your or their dealings?

9. If any answer with respect to American Sugar has been in the affirmative, would that fact prevent you from reaching an unbiased verdict based only on the evidence that you would hear in this trial?

### Jurors' Familiarity With Counsel

10. Let me introduce the attorneys to you.

    a. Megan Goddard and Nathaniel Charny are representing the Plaintiff.

    b. Kenneth J. Kelly, Robert Goldstein and Carol Faherty of Epstein Becker & Green, P.C. are representing Defendant, American Sugar.

11. Do any of you know any of the attorneys or law firms in this case?

12. Do any of you know anyone who works for, has worked for or has had dealings with any of the attorneys or law firms I just mentioned?

### Jurors' Familiarity With Witnesses

13. I am going to read a list of names of people who may be called as witnesses in this case. We need to learn from you if you know any of them. Please raise your hand if you think you know anyone on this list. The mere fact that I read the name to you does not necessarily mean that the person will actually be called as a witness. That decision is for the attorneys.

    Rosanna Mayo Coleman
    Robert Jandovitz

      Stacey Hall
      Debbie Lafaro or Debbie Troche

14. As to any juror indicating that he/she knows any witness:

    a. Who do you know?

    b. How do you know that person?

    c. Would your acquaintance with/relationship to _____ in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

    d. Would you be more likely to believe _____ or would you assign more or less weight to anything that he/she might say because of your relationship?

15. Although they may not be witnesses, you may hear other names during the course of this trial. These may include:

    Tyronne Smith
    Fred Paniccia
    Fred Gaffney
    Juan Vizcaino
    Elizabeth Mendonca

        Do you know any of them?

### Juror's Backgrounds

16. What is your highest level of education?

17. Who is your employer?

18. What is your occupation? How long have you been in that position?

### Sexual Harrassment

19. There is only one major issue in this case, and it involves sexual harassment and Plaintiff's claim that she worked in hostile environment.

20. Have you been following the various stories in the press about celebrities, political figures and corporate executives being accused of sexual harassment (such as Kevin Spacey; Sen. Al Franken; President Trump; Harvey Weinstein).

    a. Would all of this publicity affect the way you would consider the evidence in a case where a woman is accusing her former supervisor of sexual harassment?

    b. Do you have any opinion one way or the other about accusations of sexual harassment?

21. Both women and men can be subjected to sexual harassment, as the news reports show.

    a. Have you (or someone in your family) ever been the subject of

        i. Unwanted sexual advances?

        ii. Unwanted sexually-oriented comments or language?

        iii. Would that influence the way you would consider the evidence in a case where a woman is accusing her former supervisor of sexual harassment?

22. Both men and women can be accused of sexual harassment.

    a. Have you (or someone in your family) ever been accused of sexually harassing someone (co-worker or not)?

    b. Would that influence the way you would consider the evidence in a case where a woman is accusing her former supervisor of sexual harassment?

23. For women: Have you ever accessed #MeToo or any other on-line site for persons subject to sexual harassment?

### Jurors' Experience With Discrimination Claims

24. Have you or a family member ever been treated unfairly by an employer? If so, on what did you or they base the feelings of unfair treatment?

25. Have you or any member of your family ever believed that you or he or she has been discriminated against by your or his or her employer based on age, race, gender, religion, national origin or otherwise in violation of law? If so:

   a. On what did you, or they, base the claim of discrimination or unlawful treatment?
   b. Was a grievance or complaint filed with the employer?
   c. Was a charge filed with any state or local government agency?
   d. Was the complaint/charge resolved favorably to you or the individual?
   e. Was a lawsuit ever filed in state or federal court? If so:
      1. Did the lawsuit go to trial?
      2. Was the case tried before a jury?
      3. Was the case resolved favorably to the plaintiff?
      4. How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

26. Have you, any member of your family or close personal friend ever been accused of any type of discrimination? If so:

   1. On what basis were you accused?
   2. What were you accused of?
   3. Who accused you?
   4. Was a formal complaint filed with the employer?
   5. How was the matter resolved?
   6. Was it in the employment context? In other words, did the accusation occur in the workplace?
   7. Was a complaint filed with a state or local government agency?

      8. Was a lawsuit ever filed in state or federal court? If so:

         a. Did the lawsuit go to trial?

         b. Was the case tried before a jury?

         c. Was the case resolved favorably to the plaintiff?

         d. How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

27. Do you believe that an employer has the right to make business judgments so long as no unlawful discrimination is involved?

### Jurors' Experience with the Legal System

28. Have you ever served previously as a member of a jury, whether a petit jury or grand jury?

    a. Is so, when and in which court?

    b. What was the case about?

    c. Did you reach a verdict?

    d. Was your verdict for the plaintiff or defendant?

    e. Would the fact that you previously served on a jury prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

    f. Has any member of your immediate family or a close personal friend told you about their service on a jury? If so, have they said anything that will influence you if you are picked on this jury? Has any of those persons reported an unpleasant or unfavorable experience?

29. Have you or any member of your immediate family, including your spouse, children, their spouses or children or any other close relative, or any personal or family friend, ever

been involved in a legal claim or case for money damages in any role, including an employment discrimination case? If so:

    a. What type of case was it?

    b. Were you the person suing or the person being sued?

    c. Was the case before a judge or jury?

    d. Who was the other party in the lawsuit?

    e. How did the court/jury rule?

    f. How did the handling of your case make you feel about the judicial process in general?

    g. When did this happen?

30. Do you believe that a case must have merit if it goes to trial?

31. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff to affect your decision in this case?

### American Sugar's Corporate Status

32. American Sugar is a corporation. Corporations are to be treated equally under the law as natural persons. Do you accept that?

33. A corporation presumably has greater economic resources than the Plaintiff. The relative economic resources of Plaintiff and Defendant are of no relevance whatsoever to the issues in the case, and this factor must not be allowed to enter into your decision-making. Do any of you feel that you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

34. Do any of you feel disposed to grant monetary damages to the Plaintiff – even if she fails to prove her case in accordance with the rules which I will explain to you later – simply because American Sugar is a corporation?

35. Do any of you feel sympathetic or allied with persons who bring proceedings against corporations or other institutions in the courts or elsewhere?

36. Would any of you be less likely to believe testimony offered by Defendant's witnesses because American Sugar is a corporation or because certain witnesses work or have worked for a corporation?

37. Would any of you be more likely to believe evidence offered by the Plaintiff because she is an individual, or because she is suing her employer?

### Workplace Behavior

38. Do you have any opinion about whether or not it is an employer's responsibility to concern itself with how its employees interact with one another-that is-whether employees treat each other politely, civilly, with respect or whether employees are rude or unfriendly with one another? Details.

39. Do you have any opinion whether an employer should have rules of behavior for its employees in the workplace? Details.

40. The laws against discrimination are not intended to be a set of rules of acceptable behavior in the workplace if the persons involved are not engaging in the types of unlawful discrimination those laws address. Will you accept that as the law as you consider the evidence?

## Miscellaneous

41. The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge – and only the judge – explains the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or whether or not you think it is wise or just or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

42. I will explain this in greater detail to you later during the trial. However, you should now be aware that in general, the law provides that Plaintiff always has what is called the "burden of proof," that is, the Plaintiff ultimately has to convince you that Defendant intentionally discriminated against her. Defendant does not have to prove that it did not discriminate against Plaintiff. Do any of you have any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

43. Could you find in favor of Defendant if Plaintiff does not meet his burden of proof, even if you do not agree with Defendant's decisions or the reasons for those decisions?

44. Is there anything at all that any of you can think of that would prevent you from being completely fair and impartial in this case?

Defendant respectfully reserves its right to supplement or amend the above-requested voir dire questions subsequent to the rulings on the motion *in limine*.

Dated: New York, New York
February 5, 2018

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:  /s/ Kenneth J. Kelly
Kenneth J. Kelly
Robert Goldstein

250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
*Attorneys for Defendant American Sugar*