UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROSANNA MAYO-COLEMAN,

                     Plaintiff,

                - v. -

AMERICAN SUGARS HOLDING, INC., AND BOB JANDOVITZ

                     Defendants.

Civil Action No. 14-cv-0079 (PAC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROPOSED VOIR DIRE**

        Plaintiff Rosanna Mayo-Coleman, by her counsel Nesenoff & Miltenberg and Charny & Wheeler, respectfully requests that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, and to permit the Plaintiff to supplement that inquiry, if necessary.

## Case Summary

        This is a civil matter in which the Plaintiff, Rosanna Mayo Coleman ("Plaintiff"), alleges that the Defendant American Sugar Holding, Inc., (hereinafter "American Sugar" or "Defendant") violated Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("SHRL") by creating an unlawful hostile work environment based upon Plaintiff's sex. Plaintiff contends that her former supervisor, Tyrone Smith, who was her supervisor from 2008 until 2013, sexually harassed her and created a sexually hostile working environment.

        Defendant American Sugar wholly denies the allegations of Plaintiff's Complaint. Defendant contends that Plaintiff's hostile work environment claim fails as a matter of law for multiple reasons: (a) Plaintiff suffered no tangible adverse job action; (b) the alleged sexually

harassing conduct was not severe, continuous or pervasive enough to constitute a hostile working environment; (c) American Sugar maintained a reasonable, effective policy and procedure designed to address complaints of discrimination or harassment; and (d) Plaintiff unreasonably failed to take advantage of that policy in a timely manner and, when Plaintiff finally did file a complaint, she impeded American Sugar's internal investigation of her claims.

1. On the basis of this brief description, is there any reason why any of you would be unable to sit as a juror and decide this case only on the basis of the evidence that you hear and the law as the Court instructs you?

### Jurors' Familiarity with the Parties

**A.  Plaintiff**

2. Do any of you know the Plaintiff, Rosanna Mayo-Coleman?

**B.  Defendant**

3. The Defendant is American Sugar Holding, Inc. The Defendant has also been known as American Sugar Refinery, ASR and Domino Sugar. Have you, any family member or any personal friend ever worked for American Sugar Holding, American Sugar Holdings or Domino Sugar? If so, when and in what capacity did you (or they) perform work for the Defendant?

4. Have you, any family member or personal friend ever been a member of Local 74 of the United Service Workers Union ("Local 74")?

5. Have you, any family member or personal friend ever been a member of Local 1814 of the United Service Workers Union ("Local 1814")?

6. If you have an opinion or feelings at this time, either positive or negative, about American Sugar Holdings for any reason, please so indicate.

7. American Sugar Holdings is occasionally in the news, either on television or in the newspaper. Have you read any newspaper article or heard any news report about American Sugar Holdings in the last three years? If so, what have you read or heard and would it influence you in this proceeding?

8. American Sugar Holdings may also occasionally appear in social media. Have you seen anything about American Sugar Holdings in social media during the last three years? If so, what you read or heard and would it influence you in this proceeding?

9. Have you or any member of your family ever worked in a factory? If so, in what capacity did you (or they) work? If you no longer work there, why did you leave? Does your or your family member's past employment in a factory prejudice you towards or against either party in this case?

### Jurors' Familiarity With Counsel

10. Let me introduce the attorneys to you.

   a. Megan Goddard of Goddard Law PLLC, of counsel to Nesenoff & Miltenberg, LLP, Gabrielle Vinci of Nesenoff & Miltenberg, LLP and Nathaniel Charny of Charny & Wheeler are representing the Plaintiff.

   b. Kenneth Kelly, Robert Goldstein, and Carol Faherty of Epstein Becker & Green, P.C. are representing Defendant ASR.

11. Do any of you know any of the attorneys or their law firms in this case? If so, what is the nature of your familiarity with them?

      12.      Do any of you know anyone who works for, has worked for or has had dealings with any of the attorneys or the law firms I just mentioned? If so, who and what is your relationship to that person?

### Jurors' Familiarity With Witnesses

      13.      I am going to read a list of names of people who may be called as witnesses in this case. We need to learn from you if you know any of them. Please raise your hand if you think you know anyone on this list. The mere fact that I read the name to you does not necessarily mean that the person will actually be called as a witness. That decision is for the attorneys.

    a. Robert Jandovitz

    b. Stacey Hall

    c. Debra Lafaro Troche

    d. Tyrone Smith

    e. Fred Gaffney

    f. Fred Panniccia

    g. Clark Simpson

    h. Dr. Robert Goldstein

    i. Juan Vizcaino

    j. Adolph McBean

    k. Dr. Jillian Alfonso

    l. Dr. Matthew Gudis

    m. Dr. Michael Corvini

      14.      As to any juror indicating that he/she knows any witness:

      a.      Who do you know?

      b.      How do you know that person?

      c.      Would your acquaintance with/relationship to _____ in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

      d.      Would you be more likely to believe _____ or would you assign more or less weight to anything that he/she might say because of your relationship?

15. Although they may not be witnesses, you may hear other names during the course of this trial. These may include:

      a.      Regan Shepard

      b.      Michael Cronin

      c.      Claude Lewis

      d.      Danniccia Black

      e.      Elizabeth Mendonca

      f.      Al Gazola

      g.      Christopher Dempsey

      h.      Nicole Copeland

Do you know any of them?

### Jurors' Backgrounds

The parties are entitled to know about your individual backgrounds. I will now ask you certain questions about your job.

16. What is your highest level of education?

17. Are you currently employed?

18. What is your occupation?

19. Who is your employer?

20. How long have you worked there?

21. What is your job title?

22. Are you a part-time or full-time employee?

23. What type of work do you do?

24. Do you have any prior experience working in Human Resources? In what capacity? What type of human resources duties were/are you responsible for? How long have/did you worked in Human Resources?

25. Do you or have you ever employed any employees of your own?

26. Has any member of your family or close personal friend ever employed employees?

27. Have you, your friends, or any member of your family ever been employed by a union? If so, which union and in what capacity.

28. Have you, your friends, or any member of your family ever belonged to a union? If so, did _____ hold any position, such, as union steward or representative? Have you, your friends, or any member of your family ever been involuntarily terminated from a job? What were the circumstances?

29. Do you have a strong opinion about labor unions whether favorable or unfavorable?

30. If you are retired, at what age did you retire? Under what circumstances did you retire (voluntary, involuntary, layoffs)?

31. If you are unemployed, how long and under what circumstances did you become unemployed?

32. Is your spouse, partner, or significant other, if any, employed? If so, where? What job? If unemployed: duration and circumstances?

33. Do you have working children? If so, where? What job[s]?

34. What is your spouse's highest level of education?

35. Have you ever held a supervisory position in any job? If so, how many employees did you supervise? What functions did you supervise?

36. Is anyone in your family or is any close friend an attorney? If so, what is the relationship (e.g., spouse, partner, friend, etc.)? What is his or her specialty of law, if any? What firm does he or she work for?

37. Have you or a member of your family or a friend ever worked for the United States Equal Employment Opportunity Commission, commonly referred to as the EEOC, the New York State Division of Human Rights, the New York City Human Rights Commission or any other state or local anti-discrimination or human rights agency? If so, please explain.

38. Where do you live?

39. How long have you lived in your current residence?

40. Do you have any medical problems which might affect your ability to hear or see the evidence presented in this case and deliberate and reach a verdict?

**Jurors' Experience With Discrimination and Retaliation Claims**

41. Have you, a family member or a close friend ever had any unpleasant experiences with an employer, including a job loss, layoff, termination or denial of promotion? If so, please describe.

42. Have you, a family member or a close friend ever been treated unfairly by an employer? If so, on what do you or they base the feelings of unfair treatment?

43. Have you, any member of your family or close personal friend ever believed that you or he or she has been discriminated against or retaliated against by your or his or her employer? If so:

    a. On what did you, or they, base the claim of discrimination, retaliation or unlawful treatment?

    b. Was a grievance or complaint filed with the employer?

    c. Was a charge filed with any state or local government agency?

    d. Was the complaint/charge resolved favorably to you or the individual?

    e. Was a lawsuit ever filed in state or federal court? If so:

        (1) Did the lawsuit go to trial?

        (2) Was the case tried before a jury?

        (3) Was the case resolved favorably to the individual?

        (4) How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

44. Have you, or any member of your family or close personal friend ever been accused of any type of discrimination? If so:

    a. On what basis were you or were they accused?

      b.      What were you or they accused of?

      c.      Who accused you or your family member or close friend?

      d.      Was a complaint of any kind made to the employer?

      e.      How was the matter resolved?

      f.      Was it in the employment context? In order words, did the accusation occur in the workplace?

      g.      Was a complaint filed with a state or local government agency?

      h.      Was a lawsuit ever filed in state or federal court? If so:

            (1)      Did the lawsuit go to trial?

            (2)      Was the case tried before a jury?

            (3)      Was the case resolved favorably to the individual?

            (4)      How do you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

45. Do you think there is widespread discrimination against employees in the workplace? Why do you think that?

46. Do you think there is widespread retaliation against employees who raised complaints in the workplace? Why do you think that?

47. Do you believe an employer has a duty to investigate all claims of retaliation or discrimination that is brought to its attention?

48. Do you believe it is Human Resources job to protect employees and act in accordance with the law?

49. Over the course of your career, have you ever brought a complaint to Human Resources at your place of employment? If so, what was the nature of that complaint? How was that complaint resolved? Were you satisfied with the result?

50. Do you believe Human Resources only protects the employer and not the employees?

## Sexual Harassment Claims

50. Do you know anybody who claims to have been sexually harassed?

   a. What was your relationship to them?

   b. What do you know about the person's experience?

   c. What actions did he or she take in response to being sexually harrassed about it?

   d. What was the outcome of his or her situation or case?

   e. Did that situation cause you to have any feelings on the subject of sexual harassment?

   f. What are those feelings?

51. Do you know anybody who has been accused of sexual harassment?

   a. What was your relationship to them?

   b. What information did you learn about their case?

   c. What happened to him or her?

   d. Did that situation cause you to have any feelings on the subject of sexual abuse?

   e. What are those feelings?

52. What are your feelings about sexual harassment cases?

53. Do you have any opinion as to whether people who claim sexual harassment are telling the truth or lying? What is that opinion?

55. What training have you received in the area of sexual harassment?

   a. Describe the training.

   b. What details do you remember about the training?

   c. Do you believe that it is a good or bad thing that your company has training on sexual harassment?

   d. Why?

56. Do you know about any sexual harassment claims at places where you have worked?

   a. What was the nature of the claim?

   b. How was it handled by your company?

   c. What was the outcome of the case?

   d. What are your feelings about it?

57. If you believe you were sexually harassed, would you:

   a. Report it to a supervisor?

   b. Report it to Human Relations?

   c. Not report it to your employer for fear of retaliation?

   d. Bring a lawsuit?

58. Would you have any hesitation to bring a lawsuit if you were sexually harassed?

59. What are your feelings about people who bring sexual harassment lawsuits?

60. When you hear about a sexual harassment case, do you identify more with the alleged victim or the alleged perpetrator?

61. Do you have any feelings about whether or not a company should attempt to prevent sexual harassment?

62. What are your feelings about people who come into court asking for money damages for sexual harassment?

    a. Do you think these cases should be handled in other ways?

    b. Do you have feelings one way or another about a person who brings a case like this?

a. 63. Have you ever worked in an environment, which you considered hostile for one reason or another?

    a. What, if anything, did you do about it?

    b. If you didn't do anything about it, why not?

64. What are your feelings about punitive damages?

    a. If the evidence justifies it, will you feel comfortable awarding a verdict which will send a message to this and other employers that sexual harassment will not be tolerated?

    b. If the evidence justifies it, will you be able to award a seven-figure punitive damage verdict?

### Jurors' Experience with the Legal System

65. Have you ever served previously as a member of a jury, whether a petit jury or grand jury?

      a.      Is so, when and in which court?

      b.      What was the case about?

      c.      Did you reach a verdict?

      d.      Was your verdict for the plaintiff or defendant?

      e.      Would the fact that you previously served on a jury prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

      f.      Has any member of your immediate family or a close personal friend told you about their service on a jury? If so, have they said anything that will influence you if you are picked on this jury? Has any of those persons reported an unpleasant or unfavorable experience?

66.    Have you or any member of your immediate family, including your spouse, your children, their spouses or children or any other close relative, or any personal or family friend, ever been involved in a legal claim or case for money damages in any role (including an employment discrimination case)? If so:

      a.      What type of case was it?

      b.      Were you the person suing or the person being sued?

      c.      Was the case before a judge or jury?

      d.      Who was the other party in the lawsuit?

      e.      How did the court/jury rule?

      f.      How did the handling of your case make you feel about the judicial process in general?

       g.     When did this happen?

67.     Do you believe that a case must have merit if it has gotten to trial?

68.     Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff affect your decision in this case?

### Miscellaneous

69.     The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge– and only the judge – decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

70.     Do you believe that a Plaintiff who proves that they have been sexually harassed at work may have experienced emotional pain and suffering?

71.     Do you believe that a plaintiff who proves emotional pain and suffering should be compensated?

72.     Do you believe that companies who allow discrimination to go unchecked should be punished?

73.     Would you be able to make a monetary award to punish an employer who allowed discrimination to go unchecked?

74.     Is there anything at all that any of you can think of that would prevent you from being completely fair and impartial in this case?

Plaintiff reserve her right to supplement or amend the above-requested *voir dire* questions subsequent to rulings on the Parties' motions *in limine*.

- 15 -

Dated: New York, New York
February 5, 2018

                              Respectfully submitted,

_____/S_____
By: Megan S. Goddard
    Gabrielle M. Vinci
NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, 5th Floor
New York, New York 10001

_____/S_____
By: Nathaniel Charny
CHARNY & WHEELER
9 West Market Street
Rhinebeck, New York 12572

*Attorneys for Plaintiff*