**JOINT**
**Proposed Jury Instruction No. 1**
**(Introduction to Plaintiff's Claims)**


Plaintiff asserts claims of hostile work environment on the basis of sex under Title VII and the New York State Human Rights Law.  These laws make it unlawful for an employer to intentionally discriminate against an employee in the terms and conditions of employment because of the employee's sex.

Specifically, the laws prohibit the creation of a hostile work environment caused by harassment because of the employee's sex.

Title VII provides in pertinent part that "[i]t shall be unlawful employment practice for an employer … to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's … sex."

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer "because of an individual's . . . sex . . . to . . . discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."


SOURCE: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.75 (6th ed. 2014) (modified); 42 U.S.C. § 2000e-2(a); N.Y. Exec. Law § 296(1)(a).

**JOINT**
**Proposed Jury Instruction No. 2**
**(Introduction to the Causes of Action at Issue in this Case)**


I will now explain to you each of the elements that Ms. Mayo Coleman must prove for her cause of action.

If you find that each element of Ms. Mayo Coleman's cause of action has been proved by her by a preponderance of the credible evidence against American Sugar, your verdict should be for Ms. Mayo Coleman and against American Sugar on that cause of action.  On the other hand, if Ms. Mayo Coleman has not carried her burden of proof with respect to any one of the essential elements of her cause of action, your verdict must be for American Sugar.


Source:      O'Malley, Federal Jury Practice and Instructions (hereafter "O'Malley"), Vol. 3, § 104.01; Vol. 3C, § 170.20 (adapted); American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, Employment Litigation Model Jury Instructions, 2005 ed., (hereinafter "Employment Litigation Model Jury Instructions"), § 1.02[1] (adapted).


Proposed Jury Instruction No. 1

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
                United States District Court Judge

**DEFENDANT'S**
**Proposed Jury Instruction No. 3[1]**
**(Insufficiency of Subjective Beliefs)**

The subjective testimony of Ms. Mayo Coleman to the effect that she believes that she was treated a certain way because of her sex cannot form a basis for finding that she was subjected to discrimination.  Her opinion in this regard is just that -- opinion.  Ms. Mayo Coleman's personal opinions – and anyone else's opinions – are not evidence of intentional discrimination, and you must disregard them.  Ms. Mayo Coleman cannot substitute her belief for evidence of intentional discrimination.  The proper inquiry is not whether she believed that the Defendant's conduct was discriminatory, but whether Plaintiff has in fact proven by a preponderance of the evidence that it was in fact intentionally discriminatory.

Source        Dixit v. City of New York Dep't of Gen. Servs., 972 F. Supp. 730 (S.D.N.Y. 1997);   York v. Mobil Oil Corp., 1991 U.S. Dist. LEXIS 20081, at *5 (N.D.N.Y. Jan. 18, 2001)

Proposed Jury Instruction No. 5

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
                United States District Court Judge

---

[1] Plaintiff objects to this requested instruction as unduly prejudicial, as a misstatement of the law and without legal support.  As a matter of law, Plaintiff's subjective beliefs are relevant to the jury's deliberations as there is an explicit subjective element to the claims.  In addition, the cases cited have nothing to do with this proposed charge.

3

**JOINT**
**<u>Proposed Jury Instruction No. 4</u>**[2]
**(Verdict Based on Evidence Not Sympathy)**


Your verdict should be based solely on the evidence developed in this case, or the lack of evidence.

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.


<u>Source</u>:     <u>O'Malley, Federal Jury Practice and Instructions (hereafter "O'Malley")</u>, Vol. 3, § 103.12.01; <u>In re Murchinson</u>, 349 U.S. 133 (1955); <u>Edwards v. City of Philadelphia</u>, 860 F.2d 568 (3d Cir. 1988); <u>Brown v. Parker Drilling Offshore Corp.,</u> 410 F.3d 166 (5th Cir. 2005).


Proposed Jury Instruction No. 2

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

---

[2] The Parties agree that this charge should be included in the preliminary charges and not embedded within the substantive instructions.

**JOINT**
**Proposed Jury Instruction No. 5[3]**
**(Corporation Equal Under the Law)**


      You should consider and decide this case as a dispute between persons of equal standing

in the community, of equal worth, and holding the same or similar station in life. A corporation

such as American Sugar is entitled to the same fair trial as a private individual such as Ms. Mayo

Coleman.  All persons, including corporations and other organizations stand equal before the

law, and are to be treated as equals.

Source:        Federal Jury Practice and Charges § 71.04

Proposed Jury Instruction No. 3

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                     _____
                     United States District Court Judge

---

[3] The Parties agree that this charge should be included in the preliminary charges and not embedded within the substantive instructions.

**DEFENDANT'S**
**Proposed Jury Instruction No. 6[4]**
**("Adverse Action" Requirement)**


Under the law, a plaintiff must prove by a preponderance of the credible evidence that she has actually suffered a materially adverse employment action.  This means a significant change in employment status, for the worse, such as discharge; failing to promote; reassignment with significantly different and lesser responsibilities; a demotion causing a significant reduction in compensation or benefits.  Reassignment to a somewhat less convenient or even less desirable job is insufficient; a poor performance review, increased criticism, reprimands, threats of disciplinary action and even a demotion are insufficient without a significant reduction in pay, benefits, duties or prestige.


Source:      Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755-6 (2d Cir. 2004); Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997); Davis v. City Univ. of N.Y., No. 94 Civ. 7277, 1996 WL 243256, at *8 (S.D.N.Y. May 9, 1996); McKenney v. N.Y.C. Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y. 1995); Medwid v. Baker, 752 F. Supp. 125, 136 (S.D.N.Y. 1990); McArdle v. Arms Acres, Inc., No. 03 Civ. 05721, 2009 WL 755287, at *10 n.11 (S.D.N.Y. Mar. 23, 2009); Lucenti v. Potter, 432 F. Supp. 2d 347, 364 (S.D.N.Y. 2006).


Proposed Jury Instruction No. 4

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

---

[4] Plaintiff objects to this proposed instruction.  In the context of a hostile work environment claim, this instruction is inapposite.  The hostile work environment constitutes the adverse employment action and that is well-defined in proposed jury instruction numbers 7 through 11. There is no separate requirement for the type of adverse employment action contemplated by this requested charge.

6

**Proposed Jury Instruction No. 7**
**(Title VII and NYSHRL Hostile Work Environment - Elements)**

**Plaintiff's Version**


In order to prevail on her hostile work environment discrimination claims against Defendant under Title VII and the New York State Human Rights Law, Plaintiff must prove by a preponderance of the evidence that:

1.      She was subjected to unwelcome harassment that was objectively and subjectively severe or pervasive so as to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment;

2.      Such harassment was motivated, at least in part, by Plaintiff's protected class -- in this case Plaintiff's sex;

3.      There is a basis for imputing the harassing conduct to the employer


SOURCE:  Meritor Savings Bank v. Vinson, 477 U.S. 57, 66-67 (1986); Trotta v. Mobil Oil Corp., 788 F.Supp. 1336, 1348 (S.D.N.Y. 1992); Meritor Saving Bank, at 67; Pucino v. Verizon Wireless Comm., Inc., 618 F.3d 112, 117 (2d Cir. 2011).

**Proposed Jury Instruction No. 7[5]**
**(Title VII and NYSHRL Hostile Work Environment - Prima Facie Case)**

**Defendant's Version**

Ms. Mayo Coleman alleges that American Sugar violated anti-discrimination statutes by creating and maintaining a hostile work environment on the basis of sex through her former supervisor's sexual harassment and other conduct.   To prevail on this theory under the federal and state laws, Ms. Mayo Coleman must produce evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that the average, reasonable person would find offensive, that was sufficiently severe or pervasive to alter the conditions of Ms.  Mayo Coleman's employment and create an abusive working environment.  In short, the standard for establishing a hostile work environment is high, and these statutes are not meant to create liability for simple teasing, offhand comments and isolated incidents in the workplace.

To make out a prima facie case of hostile work environment, Ms. Mayo Coleman must establish all of the following (which I will explain in detail shortly):

(1)     she was subjected to sexual harassment because she is female,

(2)     the harassment was so severe as to unreasonably alter the terms and conditions of her employment and create an *objectively* hostile environment,

(3)     that she *subjectively* perceived the work environment to be abusive, and

(4)     there is a basis for imputing the harassing conduct to the employer.

---

[5] Plaintiff objects to this version of the charge.  In particular the introductory paragraph which is prejudicial and editorializes on behalf of the Defendant.  None of the limiting language in the proposed charge's first paragraph is within the cases cited.  Plaintiff's version of this proposed charge provides a neutral version of same.

Source:    <u>Alfano v. Costello</u>, 294 F.3d 365, 373-374 (2d Cir. 2002); <u>Kassner v. 2nd Avenue</u>
<u>Delicatessen, Inc.</u>, 496 F.3d 229 (2d Cir. 2007) <u>Demoret v. Zegarelli</u>, 451 F.3d
140, 149 (2d Cir. 2006) (quoting <u>Harris v. Forklift Svs. Inc.</u>, 510 U.S. 17, 21
(1993)); <u>Weiss v. Hustedt Chevrolet</u>, No. Civ. A. 05-4230, 2009 WL 2132444
(E.D.N.Y. July 13, 2009); <u>Oncale v. Sundowner Offshore Servs. Inc.</u>, 523 U.S.
75, 81 (1998); <u>Russo v. New York Presbyterian Hosp.</u>, No. 09-CV-5334 (MKB),
2013 U.S. Dist. LEXIS 135676, at *53 (E.D.N.Y. Sept. 23, 2013); Burlington
Northern v. White, 548 U.S. 53, 68 (2006); Faragher v. City of Boca Raton, 524
U.S. 775, 788 (1998).  .

Proposed Jury Instruction No. 6

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                            _____
                                   United States District Court Judge

**Proposed Jury Instruction No. 8**
**(Title VII and NYSHRL Hostile Work Environment – First Element)**

**Plaintiff's Version**

The first element requires that Plaintiff establish that she was subjected to unwelcome harassment that was objectively and subjectively hostile.

Plaintiff must prove, by a preponderance of the evidence, that (1) a reasonable person in her position would have perceived the work environment to be hostile, abusive, or offensive; and (2) that Plaintiff herself perceived the work environment to be hostile, abusive, or offensive.

Further, Plaintiff must establish that the harassment was severe or pervasive enough to alter the terms and conditions of her employment.

SOURCE:  Harris v. Forklift Sys., Inc., 510 U.S. 17, 20 (1993); Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997).

## Proposed Jury Instruction No. 8[6]

**(Title VII and NYSHRL Hostile Work Environment – Unwelcome Harassment, Ridicule, or Other Abusive Conduct)**

### Defendant's Version

The first element that Ms. Mayo Coleman must prove by a preponderance of the evidence is that she was subjected to unwelcome harassment, ridicule, or other abusive conduct.  Harassment may be verbal as well as physical, and the offensive conduct must be persistent and cannot consist of isolated or trivial remarks.


Proposed Jury Instruction No. 7

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

---

[6] Plaintiff objects to this version of the charge especially insofar as the second sentence speaks to an instruction on isolated comments, etc.  Defendant's paraphrasing (and repeating of a charge provided later) presents an inaccurate standard and is prejudicial to the Plaintiff.

<u>**Proposed Jury Instruction No. 9**</u>[7]

**(Title VII, NYSHRL Hostile Work Environment -
"Severe or Pervasive" - Objective and Subjective Requirement)**

<u>**Plaintiff's Version**</u>

Plaintiff must establish, by a preponderance of the evidence, that the alleged harassment was severe or pervasive, such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment.  The standard is severe *or* pervasive.  Accordingly, the more severe the conduct, the less pervasive it must be for you to find that it affected a term or condition -- a single incident, without more, if severe enough, can be sufficient to alter Plaintiff's working environment.  Likewise, the more pervasive the conduct, the less severe it must be for you to find that it affected a term or condition of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person.  First, Plaintiff must actually find the conduct offensive.  Next, you must look at evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended.  Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

SOURCE:  <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560 (2d Cir. 2000); <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 81 (1998).

---

[7] Defendant objects to the language in this instruction that "the more severe the conduct, the less pervasive it must be for you to find that it affected a term or condition…." This is not an accurate statement of the law.

12

<u>Proposed Jury Instruction No. 9[8]</u>

**(Title VII, NYSHRL Hostile Work Environment -
"Severe and Pervasive" - Objective and Subjective Requirement)**

<u>**Defendant's Version**</u>

Third, Ms. Mayo-Coleman must prove by a preponderance of the evidence that the abusive conduct unreasonably interfered with her work performance and created an intimidating, hostile, or offensive work environment.  This test has both objective and subjective components.  Ms. Mayo-Coleman must prove that the abusive conduct was so severe or pervasive that both (1) Ms. Mayo-Coleman herself, and (2) a reasonable person in Ms. Mayo-Coleman's position would find the work environment so hostile or offensive that it would interfere with her work performance.

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - which means an environment that a reasonable person would find hostile or abusive - is not what these statutes make unlawful.  This requirement is crucial, and you must be careful not to mistake unprofessional behavior or lack of good manners or even crude conduct for discriminatory conditions of employment.  If you find that Plaintiff's workplace was not a hostile place, it is irrelevant that she subjectively believed it was.  Thus, simple teasing, offhand comments, or isolated or sporadic incidents of gross or offensive remarks or conduct, unless extremely serious, will not support a claim of hostile work environment.  Similarly, conduct that occurs or arises out of a consensual voluntary relationship will not support a claim for a sexually hostile work environment.

---

[8] <u>Plaintiff objects</u> to this version of the instruction insofar as it is riddled with argument and advocacy better left for counsel's open and/or closing argument.  The cases cited do not stand for the proposition that these arguments and limiting language should be instructed to the jury.

Source:      Harris v. Forklift Sys., 510 U.S. 17 (1993); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998); Liebowitz v. N.Y.C. Transit Auth., 252 F.3d 179, 182 (2d Cir. 2001); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).  .

Proposed Jury Instruction No. 9

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
                    United States District Court Judge

**Proposed Jury Instruction No. 10[9]**
**(Title VII and NYSHRL Hostile Work Environment –**
**"Severe or Pervasive" Requirement)**

**Plaintiff's Version**


To determine whether the conduct in this case rises to a level that alters the terms and conditions of Plaintiff's employment, you should consider all the circumstances, including: (i) the frequency of the conduct; (ii) its severity; (iii) whether it is physically threatening or humiliating; (iv) the degree and type of harassment; (v) the reasonable expectations of Plaintiff upon entering the environment; (vi) the context in which the alleged harassment occurred; the effect on Plaintiff's psychological well-being; and (vii) whether it unreasonably interfered with Plaintiff's work performance. No single factor is required -- you must consider the totality of the circumstances. the work environment does not need to be deemed "unendurable" or "intolerable" in order to have altered the conditions of Plaintiff's employment. Rather, the standard is lower, and all you must find, by a preponderance of the evidence, is that "the harassment is of such quality or quantity that a reasonable employee would find the conditions of his employment *altered for the worse*." Additionally, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury in order to meet this standard. Psychological harm is merely one relevant factor that can be taken into account in determining whether the employee actually found the environment abusive.

You may take into account both direct and circumstantial evidence in determining whether a hostile work environment existed. Thus, evidence of Defendant's conduct not directly

---

[9] Defendant objects to this instruction and the language that "the standard is lower and all you must find…" and "the conduct need not seriously affect an employees' psychological well-being or lead the employee to suffer injury…" This is not an accurate statement of the law.

related to Plaintiff's sex may still be considered as part of her hostile work environment claim if

you find that such conduct was still based on Plaintiff's sex.

SOURCE:  Whidbee v. Gazarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir. 2000); Sell v. Suffolk Cnty., 782 F.2d 1094, 1103 (2d Cir. 1986); Meritor Savings Bank FSB, at 69; Employment Litigation: Model Jury Instructions, Section of Litigation, American Bar Association § 1.04(2)(b)(1994 ed.)(citing 29 C.F.R. § 1604.11, Harris Forklift Sys., Inc. at 20); Khan v. HIP Centralized Laboratory Services, Inc., 2007 WL 1011325, at *5 (E.D.N.Y. March 30, 2007).

**Proposed Jury Instruction No. 10[10]**
**(Title VII and NYSHRL Hostile Work Environment –**
**"Severe and Pervasive" Requirement)**

**Defendant's Version**

In determining whether allegations of abusive conduct are sufficient to meet the threshold for an objectively hostile environment, Ms. Mayo-Coleman must prove that her workplace environment actually was a hostile place to work. This is proven by the totality of the circumstances, including (1) the frequency of the discriminatory conduct, (2) its severity, (3) whether it is physically threatening or humiliating, or merely an offensive utterance, and (4) whether the conduct would unreasonably interfere with an employee's work performance. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. These statutes are not meant to create a "general civility code" or a code of good manners for the workplace.

Isolated incidents - unless very serious - are generally insufficient to demonstrate that the harassment was severe or pervasive enough to transform the conditions of employment and create a hostile work environment. In order to be actionable, the incidents of harassment must occur with a regularity such that they can reasonably be described as severe and pervasive. Generally, incidents must be more than episodic; they must be sufficiently repeated, continuous, and concerted in order to be deemed pervasive. At the same time, there is no magic number of incidents or frequency above which harassment is actionable, and below which it is not. The touchstone of

_____

[10] Plaintiff objects to this version of the instruction as it is both argumentative and inaccurate as a matter of law. The law does not require pervasive conduct, it requires severe or pervasive conduct. The notion of isolated instances are dealt with integrity in proposed Jury Instruction No. 11.

your inquiry must be whether a reasonable person could find Plaintiff's working conditions were unreasonably altered for the worse. To find a violation of the discrimination laws, the discriminatory conduct must be so extreme to amount to an unreasonable change in the terms and conditions of Plaintiff's employment.

Source:     Osborne v. Literacy Partners, Inc., No. 04 Civ. 6652, 2007 WL 2298354 (S.D.N.Y. Aug. 9, 2007) (Batts J.); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006); Kotcher v. Rosa and Sullivan Supply Ctr. Inc., 957 F.2d 59, 62 (2d Cir. 1992); Schiano v. Quality Payroll Sys. Inc., 445 F.3d 597, 600, 604-05 (2d Cir. 2006).

Proposed Jury Instruction No. 10

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**PLAINTIFF'S**
**<u>Proposed Jury Instruction No. 11</u>**
**(Single Incident)**

Generally, the harassment must be more than episodic: it must be sufficiently continuous and concerted in order to be deemed pervasive.  However, a single incident of harassment may be sufficient to support a hostile work environment claim if it is very serious -- that is, if, by itself, it can and does work a transformation of the plaintiff's workplace.

SOURCE:  <u>Tolbert v. Smith</u>, 790 F.3d 427, 439 (2d Cir. 2015); <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002).

**Proposed Jury Instruction No. 12**
**(Title VII and NYSHRL Hostile Work Environment**
**− Abusive Conduct Motivated By Discrimination)**

**Plaintiff's Version**


Plaintiff must also establish, by a preponderance of the evidence, that she was harassed, in part, based upon her sex.  Plaintiff's status in a protected class based upon her sex need not be the *only* factor that motivated the harassment.  Further, Plaintiff does not need to produce direct evidence that her sex motivated Defendant's conduct.  Rather, you may reasonably consider facially neutral incidents in light of the totality of the circumstances to find that Plaintiff's sex played a role in motivating Defendant's conduct.[11]


SOURCE:  Alfano v. Costello, 294 F.3d 378 (2d Cir. 2002).

---

[11] Defendant objects to this instruction. A reasonable fact finder can only consider facially neutral incidents to be based on sex if there is some circumstantial or other basis for inferring that the facially neutral incident was in fact discriminatory.

**Proposed Jury Instruction No. 12**
**(Title VII and NYSHRL Hostile Work Environment – Abusive Conduct Motivated By Discrimination)**

**Defendant's Version**


Ms. Mayo-Coleman must prove by a preponderance of the evidence that the abusive conduct was motivated by her sex. You must decide whether Ms. Mayo-Coleman has proven by a preponderance of the evidence that the alleged conduct was motivated by the impermissible reason of discriminating against her based on her sex. Such discrimination does not need to be the sole or primary factor, but it must have played *some part* in American Sugar's alleged conduct.


Source:    Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); Stern v. Trustees of Columbia Univ., 131 F.3d 305, 312 (2d Cir. 1997).

Proposed Jury Instruction No. 8

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

21

**Proposed Jury Instruction No. 13[12]**
**(Title VII/NYSHRL Hostile Work Environment**
**– Basis For Imputation Requirement)**

**Plaintiff's Version**


To prevail on a claim for hostile work environment, Plaintiff must establish that a specific basis exists for imputing the conduct that created the hostile work environment to the employer -- here American Sugar.

Here, there is no dispute that Mr. Smith was the Plaintiff's supervisor.  As such I am instructing you that there is a basis for imputing the conduct to the employer.


AUTHORITY:  Vance v. Ball State Univ., 570 U.S. 421, 133 S. Ct. 2434, 2442 (2013) (explaining that the employer is responsible for supervisor harassment if "the employer is unable to establish an affirmative defense").

---

[12] Defendant objects to this instruction because it is legally incorrect and does not include the requirement that the employer is unable to establish an affirmative defense, including but not limited to the Faragher-Ellerth defense.  In addition, it fails to explain that a tangible employment action was taken  by the supervisor.

**Proposed Jury Instruction No. 13[13]**
**(Title VII/NYSHRL Hostile Work Environment – Basis For Imputation Requirement)**

**Defendant's Version**

To prevail on a claim for hostile work environment, Plaintiff must establish that a specific basis exists for imputing the conduct that created the hostile work environment to the employer - here American Sugar.

If you find that a hostile work environment was created by Mr. Smith, Plaintiff's supervisor, you must consider first whether there was any tangible employment action taken by that supervisor. If you find that the behavior of the supervisor employed by American Sugar culminated in a tangible employment action taken against the Plaintiff, then Plaintiff has met her burden of proof. If you find, however, that there was no tangible employment action taken, you must then consider whether (1) the employer exercised reasonable care to prevent and correct promptly any harassing behavior by the supervisor based on her sex and (2) Plaintiff unreasonably failed to take advantage of any preventative or corrective procedures provided in Defendant's employment policies. If you find that there was no tangible employment action, Defendant bears the burden of proof to show that it exercised reasonable care to prevent and correct promptly any harassing behavior and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Source:    Towles v. Textron Lycoming, 112 F.3d 505 (2d Cir. 1997); Thornlev v. Penton
           Publ'g Inc., 104 F.3d 26 (2d Cir. 1997); Beauchat v. Mineta, No. 03 CIV 3196
           (DRH) (ETB), 2006 WL 2711608 (E.D.N.Y. Sept. 21, 2006), aff'd, 257 F. App'x

---

[13] Plaintiff objects insofar as this charge conflates the Faragher-Ellerth affirmative defense, which is irrelevant to this final element for which Plaintiff has the burden and regarding which there is no factual dispute. See Plaintiff's Proposed Instruction No. 13.

463 (2d Cir. 2007); <u>Melman v. Montefiore Med. Ctr.,</u> 98 A.D.3d 107, 121 (1st Dep't 2012).


Proposed Jury Instruction No. 11

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                       _____
                                            United States District Judge

**PLAINTIFF'S[14]**
<u>**Proposed Jury Instruction 14**</u>
**(Faragher Affirmative Defense -- Tangible Employment Action)**

Defendant is raising a certain defense to the claims made by Plaintiff, which I will discuss in a minute.  However, this defense is only available to the Defendant if the supervisor's harassment does not culminate in a tangible employment action against the Plaintiff.  Therefore, regarding this defense you must first decide if Mr. Smith's harassment of the Plaintiff culminated in a tangible employment action against the Plaintiff.  If it did so culminate, the defense is not available to the Defendant.

Defendant may only raise this defense if the Plaintiff's supervisor -- Mr. Smith -- took no tangible employment action or any tangible employment action taken against the employee was not part of the supervisor's discriminatory harassment.  The word "culminate" requires that the tangible employment action be linked to the supervisor's discriminatory harassment.

SOURCE:  <u>Lamarr-Arruz v. CVS Pharmacy, Inc.</u>, 271 F. Supp. 3d 646 (S.D.N.Y. 2017) (citing authority).

---

[14] Defendant objects to this instruction because it does not indicate or explain what a tangible employment action is under the law.

## Proposed Jury Instruction 15[15]
**(Faragher Affirmative Defense)**

### Plaintiff's Version

If you find that Mr. Smith's harassment did not culminate in a tangible employment action then Defendant may avoid liability if it proves to you by a preponderance of the evidence that:

1.      Defendant exercised reasonable care to prevent and correct promptly the harassing behavior; and

2.      Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

In regards to the first element -- Defendant exercising reasonable care to prevent and correct promptly the harassing behavior -- you may consider whether the means for reporting were viable and a reasonable avenue to report discrimination or whether it was mere window dressing and does not present any meaningful corrective opportunities.

In regards to the second element -- whether Defendant unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant -- you may consider what steps Plaintiff did take to corrective the misconduct and whether such steps were a reasonable use of corrective opportunities.  Such corrective steps need not be limited to a published policy, corrective opportunities include any reporting opportunity permissible under the employer's policies and procedures.

---

[15] Defendant objects to this instruction because it is argumentative and improperly suggests "window dressing"

SOURCE:  <u>Lamarr-Arruz v. CVS Pharmacy, Inc.</u>, 271 F. Supp. 3d 646 (S.D.N.Y. 2017) (citing authority).

**<u>Proposed Jury Instruction 15A</u>**[16]
**(Faragher Affirmative Defense)**

**<u>Defendant's Version</u>**


In the event you find that Plaintiff was subjected to a hostile work environment on the basis of her sex, American Sugar can only be held liable under Title VII and New York State Human Rights Law if you find that the harassing conduct on the basis of her sex should be imputed to American Sugar.  In assessing this you must consider whether American Sugar has proven, by a preponderance of the evidence, that (1) exercised reasonable care to prevent and promptly correct any alleged harassing behavior of which it became aware; and (2) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by American Sugar to prevent or correct the discriminatory harassment. If you answer "yes" to these two questions you must find that American Sugar is not liable for the alleged discriminatory harassment towards Ms. Mayo Coleman.

<u>Source</u>:        Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998);
                Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998)
Proposed Jury Instruction No. 12

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
                United States District Judge


_____

[16] <u>Plaintiff objects</u> to this version of the proposed instruction as it fails to explain the shifting burden insofar as this affirmative defense must be proven by Defendant, not Plaintiff.

**Proposed Jury Instruction No. 15B**[17]
**(Faragher Affirmative Defense – Part One)**

**Defendant's Version**


In determining whether American Sugar exercised reasonable care to prevent and

promptly correct any discriminatory harassing behavior against Ms. Mayo Coleman due to her

sex, it is important to consider whether American Sugar had a published anti-discriminatory

harassment policy, with a complaint procedure, and took other steps to prevent discriminatory

harassment, such as providing anti-discriminatory training to its employees.  In addition, you

should consider whether American Sugar acted promptly upon receipt of Plaintiff's complaint in

a manner reasonably calculated to ensure that the complained of behavior would not reoccur.

Source:  Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998);
    Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998);
    Val Alstyn v. Ackerley Group, No. 00-9340, 2001 U.S. App. LEXIS 21957 (2d
    Cir. Oct. 23, 2003); Leopold v. Baccarat, Inc., 239 F.3d 243 (2d Cir. 2001);
    Bennett  v. Progressive Corp., 225 F. Supp. 2d 190. 206 (N.D.N.Y 2002); Hill v.
    The Children's Village, 196 F. Supp. 2d 389, 398 (S.D.N.Y. 2002); Holmes v.
    Long Island R.R., No. 96-6196, 2001 U.S. Dist. LEXIS 10431, at *14 (E.D.N.Y.
    2001).

Proposed Jury Instruction No. 13


Given_____
Refused_____
Given as modified_____
Withdrawn_____


      _____
        United States District Judge

---

[17] Plaintiff objects to this proposed instruction as it is argumentative and editorializes what is
"important" to consider and suggests the Court's imprimatur on what would constitute
preventative measures under the affirmative defense.

## Proposed Jury Instruction No. 15C[18]
### (Faragher Affirmative Defense – Part Two)

### Defendant's Version

An employee has an obligation to avoid harm by reporting alleged discriminatory harassment to company management and giving management the opportunity to prevent it from further occurring or to correct it. In determining whether Plaintiff unreasonably failed to take advantage of American Sugar's internal complaint procedure and, thus, avoid harm, you may consider the reasons for Plaintiff's actions. For example, a person unreasonably fails to take advantage of an internal complaint procedure when she chooses not to use it solely because she believes, without reasonable basis, that she would be subjected to an adverse employment action as a result of submitting a complaint. Also, if Plaintiff failed to participate in the investigatory process or provide information on the alleged discriminatory harassment, you must consider this.

Thus, if you find that American Sugar has demonstrated that it had a workplace discriminatory harassment policy and complaint procedure that was available to Plaintiff, and that Plaintiff unreasonably failed to take advantage of that policy and procedure by taking sufficient steps to report the alleged discriminatory harassment and participate fully in the investigatory process, American Sugar cannot be liable under Title VII for a hostile work environment both with respect to the discriminatory conduct.

Source:    Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998); Leopold v. Baccarat, Inc. 239 F.3d 243 (2d Cir. 2001); Alonzo v. Chase Manhattan Bank, 70 F. Supp. 2d 395 (S.D.N.Y. 1999).

---

[18] Plaintiff objects to this proposed instruction insofar as it is repetitive of the prior instruction and unfairly gives the Court's imprimatur to certain "examples" to support Defendant's defense.

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**JOINT**
**Proposed Jury Instruction 16**

**(Damages - Generally)**


I am about to instruct you as to the proper measure of the damages that you will be considering.  The fact that I am giving you these instructions is not an indication of my view as to which party you should find for in the case or whether any damages are appropriate at all. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Plaintiff in accordance with the other instructions that I have given you.

Thus, if you find that Plaintiff has satisfied her burden of proving by a preponderance of the evidence that Defendant discriminated against her, only then may you consider the issue of what damages Defendant should pay Plaintiff.  On the other hand, if you decide that Plaintiff is not entitled to prevail on her claims, you need go no further.

Source:    4 Modern Federal Jury Instructions, Inst. 77-01 (2007), as modified; O'Malley, Vol. 3C § 74.02, § 171.90, as modified; 42 U.S.C. Section 2000-5(e); N.Y.C. Admin. Code § 8-502(d).


Proposed Jury Instruction No. 15

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**Proposed Jury Instruction No. 17**
**(Damages Must Be Reasonable and Not Speculative)**

**Plaintiff's Version**[19]

The burden of proof to show that damages were sustained is on the Plaintiff.  Plaintiff must prove the nature, extent, duration and consequences of the damages she sustained by a preponderance of the evidence.  You may not speculate, guess, or infer damages.  Damages must be reasonable and based upon the evidence before you.  You are not to award to Plaintiff speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.

If you should find that Plaintiff is entitled to a verdict on one or more of her claims, you may award Plaintiff only such sums as will reasonably compensate her for the damage you find she has sustained as a direct cause of Defendant's actions or inaction.

SOURCE:  Rojas v. Manhattan Jeep Eagle, No. 97-9009, 1998 U.S. App. LEXIS 12677, at *2 (2d Cir. Apr. 20, 1998); Whittlesev v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1994); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992)

---

[19] Defendant objects to this jury instruction as it incorrectly suggests that Plaintiff has more than one claim.  The sole remaining claim in this case is the hostile work environment claim.

**Proposed Jury Instruction No. 17[20]**
**(Damages Must Be Reasonable and Not Speculative)**

**Defendant's Version**


A party seeking damages must prove the nature, extent, duration, and consequences of the damages sought. Your determination of damages must not be based on speculation or guesswork.

The burden of proof to show that damages were sustained is on the Plaintiff.   Plaintiff must prove the damages she sustained by a preponderance of the evidence.   In this case, Plaintiff must establish that she actually incurred a loss.  She must also establish the amount of her loss with reasonable certainty.  You may not speculate, guess, or infer damages. Damages must be reasonable and based upon the evidence before you.  If you should find that Plaintiff is entitled to a verdict on her claim, you may award Plaintiff only such sums as will reasonably compensate her for the damage you find she has sustained as a direct cause of Defendant's actions or inaction.

Source:    O'Malley, § 171.90, as modified; Rojas v. Manhattan Jeep Eagle, 152 F.3d 920, 1998 WL 385819, at *2 (2d Cir. 1998); Whittlesev v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1994); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992).  See Federal Jury Practice and Instructions, § 104.06.


Proposed Jury Instruction No. 16

Given_____
Refused_____
Given as modified_____

---

[20] Plaintiff objects to this version of the jury instruction.  As with nearly every proposed charge made by Defendant, this one deviates from standard protocol to add prejudicial and argumentative editorial comments such as "In this case, Plaintiff must establish that she actually incurred a loss" and that there is a necessity to prove "the nature, extent, duration, and consequences" of the damages.  This is not part of the normal charge and is inappropriate gamesmanship.  Plaintiff's version of the proposed charge is this standard charge.

34

Withdrawn_____

_____
                    United States District Judge

**Proposed Jury Instruction No. 18**
**(Damages Based on Evidence - All Claims)**

**Plaintiff's Version**


       If you find defendant discriminated against plaintiff based on plaintiff's sex, then you must determine an amount that is fair compensation for plaintiff's damages.

**Proposed Jury Instruction No. 18**[21]
**(Damages Based on Evidence - All Claims)**

**Defendant's Version**


You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not because you feel sympathy for Plaintiff.  If you find that Defendant intentionally discriminated against Plaintiff on the basis of her sex, you may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

It is not appropriate to engage in speculation or guess work.

Source:        4 Modern Federal Jury Instructions, Inst. 77-3, as modified; O'Malley, § 171.90, as modified.


Proposed Jury Instruction No. 17

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                          _____
                                United States District Judge

---

[21] Plaintiff objects to this proposed instruction as repetitive of other instructions on damages including numbers 19-21, which contain each of these notions in their full context.  As such this requested instruction is not necessary and argumentative.

**Proposed Jury Instruction No. 19**
**(Duplicative Damages)**

**Plaintiff's Version**


You may not award damages more than once for the same injury.  For example, if Plaintiff were to prevail on two different theories and establish a monetary injury, you are not permitted to award Plaintiff the same monetary injury on each theory.


SOURCE:  4 Modern Federal Jury Instructions, Inst.  77-2 (modified).

## Proposed Jury Instruction No. 19[22]
### (Duplicative Damages)

### Defendant's Version


I have a cautionary instruction before I define the types of damages you may award Plaintiff in the event that you find that he has proven liability and is entitled to damages according to the standards I have provided.

You may not award damages more than once for the same injury. For example, if Plaintiff were to prevail on two different theories and establish a one dollar injury, you are not permitted to award Plaintiff one dollar on each theory. In this case, Plaintiff is not entitled to damages for each of the statues she relies on, if she should prove intentional discrimination.

Plaintiff is not entitled to recover more than you determine she has lost. You must consider the amount that you might award, if anything, in such a manner that Plaintiff does not receive a greater award than she is entitled to receive.


Source:    4 Modern Federal Jury Instructions, Inst. 77-2, as modified; Barbano v. Madison Cnty., 922 F.2d 139 (2d Cir. 1990).

Proposed Jury Instruction No. 18
Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

---

[22] Plaintiff objects to this version of the charge as argumentative insofar as it has the Court stating that it is giving a "cautionary" instruction, providing the example of a one-dollar award, the reference to "if she should prove intentional discrimination" and the reference to a requirement that Plaintiff have suffered some specific "loss."

**Proposed Jury Instruction No. 20**
**(Emotional Distress)**

**Plaintiff's Version**

In additional to actual damages, Plaintiff here is seeking mental anguish damages.  You may award such compensatory damages only for injuries plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation -- no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's allegedly unlawful act.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

SOURCE:  3C Fed. Jury Prac. & Instr. § 171:90 (6th ed.), 3C Fed. Jury Prac. & Instr. § 171:90 (6th ed.) (without modification).

**Proposed Jury Instruction No. 21[23]**
**(Emotional Distress)**

**Defendant's Version**

Plaintiff also seeks damages for emotional distress. The fact that you are instructed on these types of damages does not suggest that you must consider awarding damages based on emotional distress or that I have an opinion on the outcome of this case.

If you decide that Plaintiff is entitled to recover damages based on emotional distress, you will award an amount as, in the exercise of your good judgment and common sense, you decide is just compensation for such emotional distress you find was actually caused by the Defendant's conduct. Where there is only limited evidence presented of emotional distress, damages can be nominal or zero, even in cases where discrimination is found.

Conduct by a Defendant that does not cause emotional distress does not entitle a Plaintiff to such damages. By the same token, emotional distress to a Plaintiff that is not the result of unlawful discrimination by a Defendant does not allow you to award such damages to the Plaintiff.

If you decide to award damages based on emotional distress, you should be guided by common sense – without passion – in awarding the amount of such damages. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You may not award damages based on sympathy, speculation, or guesswork.

Source        Funk v. F&K Supply, Inc., 43 F. Supp. 2d 205, 227-28 (N.D.N.Y. 1999);
              Tanzini v. Marine Midland Bank, N.A., 978 F. Supp. 70, 78 (N.D.N.Y. 1997);
              Shea v. Icelandair, 925 F. Supp. 1014, 1029 (S.D.N.Y. 1996); McIntosh v.
              Irving Trust Co., 887 F. Supp. 662 (S.D.N.Y. 1995); Cullen v. Nassau County

---

[23] Plaintiff Objects to this proposed jury instruction as once again editorializing and arguing rather than providing the standard, now-rote, and neutral charge on mental anguish damages as set out in Plaintiff's proposed version of the same charge.

<u>Civil Serv. Comm'n</u>, 53 N.Y.2d 492 (1981); <u>Grumman Aerospace Corp. v.
N.Y. State Div. of Human Rights</u>, 151 A.D.2d 573 (2d Dep't 1989); <u>Cosmos
Forms, Ltd. v. State Div. of Human Rights</u>, 150 A.D.2d 442 (2d Dep't 1989).

Proposed Jury Instruction No. 19

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**Proposed Jury Instruction No. 22**
**(Eggshell Plaintiff)**

**Plaintiff's Version**


A wrongdoer takes his victim as he finds her. This means that if a plaintiff is unusually sensitive or has pre-existing psychological or financial conditions [24]that make her more vulnerable to the ill-effects of unlawful discrimination, then the defendant is responsible for any harm proximately caused by his unlawful discrimination. This remains true even if someone else in plaintiff's position would not have suffered as much as the plaintiff did.


SOURCE: Tobin v. Steisel, 64 N.Y.2d 254, 259 (1985); Brady v. Wal-Mart Stores, Inc., 455 F.Supp.2d 157, 197 (E.D.N.Y. 2006); Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1294-95 (8th Cir. 1997); Katt v. City of New York, 151 F. Supp. 2d 313, 351, n.31 (S.D.N.Y. 2001) (Lynch, J.); aff'd in relevant part sub nom. Krohn v. New York City Police Dep't, 60 F. App'x 357 (2d Cir. 2003); Fink v. City of New York, 129 F.Supp.2d 511, 537 (E.D.N.Y. 2001); EEOC Enforcement Guidance: Compensatory and Punitive Damages Available under § 102 of the Civil Rights Act of 1991, at 7.

---

[24] Object to language regarding the Plaintiff's financial conditions. This is not a factor that would create an eggshell plaintiff. The eggshell plaintiff principle is not applicable in this case as it is limited solely to physical injury and Defendant is not waiving Defendant's argument set forth in the motion in limine regarding Plaintiff's eggshell status

**Proposed Jury Instruction No. 22[25]**
**(Eggshell Plaintiff)**

**Defendant's Version**


You have heard testimony that Mr. Smith's alleged actions caused Plaintiff to suffer

emotional distress because of certain traumatic events that happened earlier in her life.  The fact

that Plaintiff might be susceptible to emotional distress or be more sensitive to a sexually hostile

environment because of what she had experienced is not relevant.  If you find that Plaintiff is

more sensitive you must disregard that fact and determine damages that the reasonable woman

would suffer, if any, in view of the facts as you find them.

Source    Ragin v. Harry Macklowe Real Estate Co., 6 Fr.3d 898, 908 (2d Cir. 1993);
          Schipper v. United States, 1998 U.S. Dist. LEXIS 16553, at * 34 (E.D.N.Y.
          Sept. 14, 1998).


Proposed Jury Instruction No. 20

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                              _____
                              United States District Judge

---

[25] Plaintiff objects to this version of the instruction as contrary to the law.  This issue is
submitted to the Court by way of Defendant's Motion in Limine and Plaintiff's opposition to
same and the Court is referred to those submissions for a full recitation of the argument.

**PLAINTIFF'S**
**Proposed Jury Instruction No. 23**
**(Burden of Proof for Uncertain Damages)**


Defendant is only liable for the harms caused by their discriminatory conduct.  If plaintiff establishes that she was harmed as a result of defendant's unlawful discrimination, but you are unsure as to whether a particular aspect of the harm plaintiff suffered was caused by defendant's unlawful discrimination, then the burden is on the defendant to establish that it was unlikely that its discrimination caused that aspect of the harm plaintiff suffered.


SOURCE:  Spitz v. Lesser, 302 N.Y. 490, 494 (1951); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 506-07 (1st Cir. 1996); Northington v. Marin, 102 F.3d 1564, 1568 (10th Cir. 1996).

<u>Proposed Jury Instruction 24</u>[26]
**(Punitive Damages)**

<u>**Plaintiff's Version**</u>

Ms. Mayo-Coleman also seeks an award of punitive damages.  Punitive damages are awarded to punish a defendant for wrongful conduct, and to deter others from engaging in similar wrongful conduct.  Punitive damages are intended to protect the community, and to be an expression of the jury's indignation at a defendant's misconduct.In order to award Ms. Mayo-Coleman punitive damages, you must first find in her favor on her claim under Title VII.  Punitive damages are not available under the State Human Rights Law.  As with compensatory damages, the fact that I am instructing you on punitive damages is not any indication of my view as to what your verdict should be, or on whether punitive damages should be awarded.  It is entirely up to you to decide whether – under my instructions – punitive damages should be awarded in this case.

Ms. Mayo-Coleman seeks punitive damages under Title VII.  Punitive damages may be awarded based on a violation of this statute if you find that Ms. Mayo-Coleman has shown – by a preponderance of the evidence – that the Defendant engaged in intentional discrimination and acted with malice or reckless indifference to Ms. Duarte's rights under these statutes.

A defendant can be found to have acted with malice or reckless indifference to a plaintiff's rights where it knew that its conduct violated the law prohibiting discrimination, or acted with reckless disregard of the law.  Direct evidence that a defendant acted with knowledge

---

[26] Defendant objects to this instruction regarding jury's role in protecting the community since it improperly suggests jury is in role of protecting community and assumes indignation.  Defendant further objects on the ground that it is argumentative, misstates the names of the parties, is repetitive and does not accurately state the law regarding punitive damages.

that its conduct violated the law is not required, however.  Instead, the requisite state of mind may be inferred from the circumstances.  Moreover, even if Ms. Mayo-Coleman has not proven that the Hospital knew it was acting in violation of the law, you may infer that the Hospital acted with malice if you find that it acted egregiously or outrageously.

 An employer may be held liable for punitive damages based on an employee's malicious or reckless indifference to a plaintiff's rights where (1) the employer authorized the employee's acts; (2) the employer was reckless in employing that employee; or (3) the employer ratified or approved the employee's acts.  An employer ratifies an act where it confirms an act committed by an employee.  An employer may also be held liable for punitive damages based on an employee's malicious or reckless indifference to a plaintiff's rights where the employee was employed in a managerial role and was acting within the scope of his or her employment.

SOURCE: Kolstad v. American Dental Ass'n, 527 U.S. 526, 527, 538 (1999); Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 137 (2d Cir. 2008); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001); Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 385 (2d Cir. 2001).

**Proposed Jury Instruction 24[27]**
**(Punitive Damages)**

**Defendant's Version**


      **[Please note: Defendant only requests this instruction if the Court concludes that an instruction regarding punitive damages is appropriate based upon the evidence adduced at trial.]**

      Plaintiff has requested that the jury consider imposing punitive damages against Defendant. Plaintiff, however, is not entitled to punitive damages as a matter of right. Punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. Of course, you need not award any punitive damages if you find that such an award is not warranted by Defendant's conduct. If you do determine that punitive damages may be appropriate to consider, however, you may award them only within the narrow limits that I will now explain.

      Punitive damages may be awarded under Title VII and New York State Law only where a party has acted willfully, maliciously, with gross disregard for the rights of the complaining party and for the purpose of causing injury to Plaintiff.  In other words, you may only award punitive damages to Plaintiff if she proves that Defendant's conduct was wanton and reckless. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter

---

[27] Plaintiff objects to this version of the charge as it is argumentative throughout and particularly in the opening paragraph.  The proposed version of this charge also presents various misstatements of the law including the standard for imposition of punitive damages, which is not "only where a party has acted willfully, maliciously, with gross disregard for the rights of the complaining party and for the purpose of causing injury to Plaintiff."  Plaintiff's version of the punitive damages charge is neutral and sets out the well-established standard for jury consideration of punitive damages.

disregard for the potential consequences of the act on the rights of others. The purpose of punitive damages is to punish a wrongdoer for some extraordinary or outrageous misconduct and to serve as an example in order to deter that party and others from committing similar acts in the future.

An employer is not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness.

Punitive damages are an extraordinary sanction and are not appropriate solely because you might find that Defendant intentionally discriminated against Plaintiff. As I noted, the standard for awarding punitive damages is a high one and they may be awarded only in exceptional circumstances. Unless you find that the standard for awarding punitive damages, as I have outlined it, has been met by competent proof presented by Plaintiff, you should not award punitive damages.

Punitive damages are not allowed under the New York State Law.

Source:    See Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 425-29 (2003); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-45 (1999); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 266-67 (1981); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101-02 (2d Cir. 2001); Weissman v. Dawn Joy Fashions. Inc., 214 F.3d 224 (2d Cir. 2000); Luciano v. Olsten Corp., 110 F.3d 210 (2d Cir. 1997); Bridges v. Eastman Kodak Co., 822 F. Supp. 1020, 1029 (S.D.N.Y. 1993); see also O'Malley, § 171.94; 4 Modern Federal Jury Instructions, 77-5; NYC Admin. Code § 8-107(13)(e); Thompson v. American Eagle Airlines, Inc., No. 99 Civ. 4529 (JGK), 2000 WL 1505972, at *11 (S.D.N.Y. Oct. 6, 2000).

Proposed Jury Instruction No. 21

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge

**Proposed Jury Instruction No. 25**
**(Amount of Punitive Damages)**

**Plaintiff's Version**[28]


In determining the amount of punitive damages to award Ms. Mayo-Coleman, you must keep in mind that punitive damages are not intended to, and may not be used to, compensate Ms. Mayo-Coleman for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future. Accordingly, if you award punitive damages, you should consider the defendant's net worth and the impact of paying that award. A punitive damages award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence and should not be so high as to result in the financial ruin of the Defendant. Moreover, any award of punitive damages must bear a reasonable and proportional relationship to Ms. Duarte's actual injury and the compensatory damages you awarded her.

In calculating a punitive damages award, you should consider, among other things, the

(1) nature and reprehensibility of the Defendant's conduct, including the character of the wrongdoing and the Defendant's awareness of what harm the conduct caused or was likely to cause;

(2) the amount of time the Defendant engaged in reprehensible conduct; and

(3) the Defendant's financial condition and the impact your punitive damages award will have on the Defendant.

---

[28] Defendant objects to this instruction as it fails to accurately state the factors for determining the amount of punitive damages and is prejudicial. In addition, the instruction misidentifies the party in this case.

SOURCE:  3C Fed. Jury Prac. & Instr. § 171:94 (6th ed.) (modified); <u>TVT Records v. Island Def Jam Music Grp.</u>, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003); <u>Kauffman v. Maxim Healthcare Servs., Inc.</u>, 509 F. Supp. 2d 210, 217 (E.D.N.Y. 2007) (<u>citing</u> <u>BMW of N. Am., Inc. v. Gore</u>, 517 U.S. 559, 580 (1996)).

**Proposed Jury Instruction No. 25[29]**
**(Amount of Punitive Damages)**

**Defendant's Version**

If you determine that under the circumstances I just described that the facts justify an award of punitive damages, you should fix the amount using calm discretion and sound reason. It should be an amount that all jurors agree is proper. You must not be influenced by sympathy for or dislike of any party in the case, and should try to determine a fair, just and reasonable amount for Plaintiff under the circumstances.

In fixing the amount, if any, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent future repetition? Does the amount of punitive damages bear a reasonable relationship to the actual damages awarded? You should not award Plaintiff additional compensation in the form of punitive damages for injuries already compensated for in an actual damages award.

The amount of punitive damages, if any, you may award is limited by law. It must bear a "reasonable relationship" to the award of actual damages. In other words, an award of punitive damages, if any, must be in reasonable proportion to the amount of actual loss suffered by Plaintiff.

Source:      See Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 594-95 (1996); Patterson v. Balsamico, 440 F.3d 104, 121-22 (2d Cir. 2006); Gilman v. BHC Secs., Inc., 104 F.3d 1418, 1431 n.13 (2d Cir. 1997); Parrish v. Sollecito, 280 F. Supp. 2d 145 (S.D.N.Y. 2003).

---

[29] Plaintiff Objects to this version of this instruction insofar as it is repetitive of various previous charges, such as the sympathy reference. In addition, this version of the charge does not provide the full panoply of elements to be considered as is rote in the pattern charges and as is typically included.

Proposed Jury Instruction No. 22

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Judge