UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROSANNA MAYO-COLEMAN,

                  *Plaintiff,*                14-cv-79 (PAC)

    *v.*

AMERICAN SUGAR HOLDINGS,
INC.,

                  *Defendants.*

-------------------------------------------------------------X

## **JURY CHARGE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/18



# TABLE OF CONTENTS

GENERAL INTRODUCTORY CHARGES ...............................................................................2

   I.     Introductory Remarks .............................................................................................2

   II.    Role of the Court.....................................................................................................2

   III.   Role of the Jury .......................................................................................................3

   IV.  Conduct of Counsel................................................................................................3

   V.     Sympathy or Bias ...................................................................................................3

   VI.  Burden of Proof......................................................................................................4

   VII.  What Is and Is Not Evidence..................................................................................5

   VIII. Direct and Circumstantial Evidence ......................................................................6

   IX.  Witness Credibility .................................................................................................7

   X.     Bias of Witnesses ...................................................................................................8

   XI.  Jury to Disregard Court's View ..............................................................................9

   XII.  Improper Considerations........................................................................................9

   XIII. Not All Evidence Is Introduced .............................................................................9

   XIV. Corporation Equal Under the Law..........................................................................10

   XV. Case Brought Under Normal Procedure.................................................................10

SUBSTANTIVE LAW CHARGES .......................................................................................11

   I.     General Introduction .............................................................................................11

   II.    Introduction to the Causes of Action ....................................................................11

   III.   Elements of Title VII and NYSHRL Hostile Work Environment............................12

   IV.  Affirmative Defense................................................................................................14

   V.     Compensatory Damages .........................................................................................15

   VI.  Punitive Damages...................................................................................................17

FINAL GENERAL CHARGES .............................................................................................19

   I.     Right to See Exhibits and Hear Testimony; Communications with Court ......................19

   II.    Notes .....................................................................................................................19

   III.   Duty to Deliberate / Unanimous Verdict ...............................................................20

   IV.  Verdict Form ..........................................................................................................21

   V.     Duties of Foreperson .............................................................................................21

   VI.  Return of Verdict ...................................................................................................21

CONCLUSION ...................................................................................................................22

## GENERAL INTRODUCTORY CHARGES

### I. Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

### II. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be. As I told you at the beginning and reminded you during the trial, you are not to infer from any of my questions or my comments or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. How you decide the case is strictly up to you.

### III. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You review the evidence. You determine the credibility of the witnesses. You resolve any conflicts in the testimony. You draw reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.

### IV. Conduct of Counsel

It is the duty of the attorneys to object when the other side offers testimony or evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney raised an objection. Nor should you draw any inference from the fact that I sustained or overruled an objection.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters. You should not take into account any of the events relating to these conferences.

### V. Sympathy or Bias

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system

3

cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. All parties are entitled to the same fair trial at your hands. They stand equal before the law, and are to be dealt with as equals in this court.

## VI. Burden of Proof

In a civil case such as this, and unless I instruct you otherwise, the plaintiff has the burden to prove all elements of her claim by a preponderance of the evidence. What does that mean? Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not by the weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If, after considering all of the evidence, you are satisfied that the Plaintiff has carried her burden on each element of the claim for which she has the burden of proof, then you must find in the Plaintiff's favor. The party with the burden of proof needs no more than a preponderance of the evidence. So long as you find that the scales tip, however slightly, in favor of the Plaintiff – that what she claims is more likely true than not – then the element will have been proven by a preponderance of evidence.

If, however, you find that the evidence on a given element is evenly divided

4

between the parties or that the evidence produced by the Plaintiff is outweighed by evidence against his claim, then you must decide that issue against the Plaintiff and find for the Defendants. That is because the party bearing the burden of proof must prove that element by more than a simple equality of evidence.

Remember what I said in the beginning about the scales of justice. At the start of the trial they are equally balanced. The party with the burden of proof must make those scales of justice tip in her favor, even if only slightly, if she is to meet this burden of proof. If the scales have not moved or tip in the opposite direction then that party has not met her burden of proof.

## VII. What Is and Is Not Evidence

The evidence in this case includes the sworn testimony of the witnesses and the documents admitted into evidence. The lawyers' questions are not evidence; rather, it is the witnesses' answers to the questions that are evidence.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence, because the lawyers are not witnesses. Lawyers do not testify. The lawyers' opening statements and their summations are intended to help you understand the evidence. If, however, your recollection of facts differs from the lawyers' statements, it is your recollection that controls.

Evidence also includes exhibits that have been received into evidence. Exhibits marked only for identification, but not admitted into evidence, are not

evidence. Nor are materials brought forth only to refresh a witness's recollection. Finally, any statements that I may have made during the trial do not constitute evidence. It is for you alone to weigh the evidence and decide the facts based on the testimony you have heard and the exhibits you have seen.

## VIII. Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something he knows by virtue of his own senses -- something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else then walks in with a raincoat that is also dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for

you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct and circumstantial evidence, but simply requires that you, the jury, decide the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

## IX. Witness Credibility

You have had the opportunity to observe witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony. Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? In answering questions, did the witness volunteer more information than asked? Was the witness telling the truth or trying to sell you a bill of goods? Was the witness

exaggerating or telling it to you straight?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experience in life to make your credibility determinations.

### X.Bias of Witnesses

In deciding whether to believe a witness, you may take account of the fact that some of the witnesses are parties to the lawsuit and may benefit in some way from the outcome of the case.  You may consider evidence of any other interest of motive that the witnesses may have in cooperating with a particular party.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness or of any party has intentionally or otherwise colored or distorted his testimony.   You are not required to disbelieve an interested witness; you may accept as much of the testimony as you deem reliable and reject as much as you deem unworthy of acceptance.  In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## XI. Jury to Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

## XII. Improper Considerations

Your verdict must be based solely upon the evidence, or the lack of evidence, developed at trial and the instructions I give to you on the law. It would be improper for you to consider any personal feelings you may have about a party's race, sex, ethnicity, national origin, or disability.

## XIII. Not All Evidence Is Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to

9

have some knowledge of the matters in issue at the trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. Your decision must be based on the testimony and documents admitted into evidence.

## XIV. Corporation Equal Under the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. A corporation such as American Sugar is entitled to the same fair trial as a private individual such as Ms. Mayo Coleman. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

## XV. Case Brought Under Normal Procedure

This case has been brought to this court under the normal procedure. In Title VII cases, plaintiffs are required to bring their complaint to the Equal Employment Opportunity Commission first. Rather than act on a complaint, the EEOC often issues a right-to-sue notice allowing the plaintiff to bring her claim in court. This procedure was followed in this case, and you should not draw any inferences from the fact that the EEOC did not act on Plaintiff's complaint.

## SUBSTANTIVE LAW CHARGES

### I.    General Introduction

As you have heard throughout this trial, Plaintiff asserts claims of hostile work environment on the basis of sex under Title VII and the New York State Human Rights Law. These laws make it unlawful for an employer to intentionally discriminate against an employee in the terms and conditions of employment because of the employee's sex.

Specifically, the laws prohibit the creation of a hostile work environment caused by harassment because of the employee's sex.

Title VII provides in pertinent part that "[i]t shall be unlawful employment practice for an employer ... to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's ... sex."

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer "because of an individual's . . . sex . . . to . . . discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

### II. Introduction to the Causes of Action

I will now explain to you each of the elements that Ms. Mayo Coleman must prove for her cause of action.

If you find that each element of Ms. Mayo Coleman's cause of action has been

proved by her by a preponderance of the credible evidence against American Sugar, your verdict should be for Ms. Mayo Coleman and against American Sugar on that cause of action. On the other hand, if Ms. Mayo Coleman has not carried her burden of proof with respect to any one of the essential elements of her cause of action, your verdict must be for American Sugar.

## III. Elements of Title VII and NYSHRL Hostile Work Environment

Plaintiff seeks to hold Defendant liable for subjecting her to a sexually hostile work environment in violation of federal law. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence all four of the following factors:

(1) First, that she was intentionally subjected to unwelcome harassment by the employer or by her supervisor;

(2) Second, that the harassment was based upon her sex;

(3) Third, that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Plaintiff in fact did perceive it to be so; and

(4) Fourth, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive work environment.

"Unwelcome harassment" means conduct that is uninvited, and offensive or unwanted.

In determining whether a work environment is "hostile" or "abusive," you must look at all the circumstances including: the total physical environment of the plaintiff's work area; the degree and type of obscenity that filled the environment before and after the plaintiff arrived; the reasonable expectations of the plaintiff upon entering the environment; the frequency of the offensive conduct; the nature of the unwelcome sexual acts or words; the severity of the conduct; whether the conduct was physically threatening or humiliating; whether it was merely an offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance.

Liability on this claim requires more than mere utterance of an offensive remark. It does not, however, require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment.

The conduct or actions do not have to be overtly sexual. You may reasonably consider facially neutral incidents in light of the totality of the circumstances to find that Plaintiff's sex played a role in motivating Defendant's conduct. But conduct that results from genuine but innocuous differences in the

13

way men and women routinely interact with members of the same sex and of the opposite sex is not illegal. Offhand comments, rudeness, occasional teasing and isolated incidents are not alone sufficient. This is not a general civility code for the workplace.

### IV. Affirmative Defense

In addition to denying the plaintiff's claim, the defendant has asserted an affirmative defense. To succeed on this defense, the defendant must prove by a preponderance of the evidence each of the following elements:

1. First, American Sugar exercised reasonable care to prevent and promptly correct the sexually hostile work environment. You have to decide whether the method of reporting was meaningful – or just window dressing.

2. Second, the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm. Here, you have to ask what opportunities did American Sugar present and did Plaintiff take advantage of them.

If the defendant proves both of these elements, the Plaintiff is not entitled to prevail on her claim, and you must find for the Defendant.

In determining whether American Sugar exercised reasonable care to prevent and promptly correct any discriminatory harassing behavior against Ms. Mayo-Coleman due to her sex, it is important to consider whether American Sugar had a published anti-discriminatory harassment policy, with a complaint procedure, and

took other steps to prevent discriminatory harassment, such as providing anti-discriminatory training to its employees. In addition, you should consider whether American Sugar acted promptly upon receipt of Plaintiff's complaint in a manner reasonably calculated to ensure that the complained of behavior would not reoccur.

### V. Compensatory Damages

I am about to instruct you as to the proper measure of damages. The fact that I instruct you on damages does not represent any view by me that you should or should not find the Defendant liable.

If you find the Defendant liable, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries Plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less. You are not to speculate and your decision cannot be based on sympathy.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of any sexually hostile work environment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

When deciding what injuries a defendant caused, the law says that a defendant "takes the plaintiff as he finds her." Some of us are, for example, more susceptible to stress than others. Consequently, a particular event might have a different effect on us than it would on many other people. In this case, you have heard testimony from Ms. Mayo-Coleman concerning the impact she claims the actions of Mr. Smith had on her. The extent of her emotional distress depends at least in part on your assessment of the credibility of her claims of emotional distress.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### VI. Punitive Damages

Plaintiff claims the acts of Defendant were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle plaintiff to an award of punitive damages in addition to compensatory damages. Ms. Mayo-Coleman is seeking punitive damages under Title VII. Punitive damages are not available under N.Y. State Law.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. But it should be presumed that Plaintiff has been made whole by compensatory damages, so you should award punitive damages only if Defendant's culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

Furthermore, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Plaintiff and then further find from a preponderance of the evidence:

First: That a higher management official of American Sugar personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second: That American Sugar itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you decide to award punitive damages, the amount to be awarded is within your sound discretion. The purpose of a punitive damage award is to punish a defendant or deter a defendant and others from similar conduct in the future. Factors

17

you may consider include, but are not limited to, the nature of Defendant's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between Plaintiff and Defendant, the likelihood that Defendant or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the size of such an award. You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit, or mere accident.

## FINAL GENERAL CHARGES

**I.   Right to See Exhibits and Hear Testimony; Communications with Court**

Lady and gentlemen of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. I am going to designate Juror No. 1 as your foreperson. (S)He will preside over your deliberations and serve as your spokesperson, if you need to communicate with the Court. I send the exhibits into the jury room along with the jury charge and verdict sheet. If you want any of the trial testimony read, please send out a note specifying what you want to hear and we will bring you back to the Courtroom to read it back for you. Please be as specific as you possibly can in requesting a read back of the trial testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

All communications with the Court should be made to me in writing, signed by your foreperson, and given to the Court Officer. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

**II.Notes**

Some of you may have taken notes during this trial. Remember what I said to you: your notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should

be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### III. Duty to Deliberate / Unanimous Verdict

You will now retire to decide the case. For the Plaintiff to prevail on her claim, she must sustain her burden of proof as I have explained it to you with respect to each element of her claim. If you find that the Plaintiff has succeeded, you must return a verdict in her favor. If you find that she has not, then your verdict must be for the Defendants.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome

20

of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## IV. Verdict Form

I have prepared a verdict sheet for you to use in recording your decisions. You should follow the instructions on the verdict sheet and proceed through the questions in the order in which they are listed.

## V. Duties of Foreperson

Finally, the foreperson will send out any notes, and when the jury has reached a verdict, (s)he will notify the Court Officer that the jury has reached a verdict, and you will come into open court and give the verdict.

## VI. Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court Officer outside your door that you are ready to return to the courtroom. I stress that each of you must be in agreement with the verdict that is announced in court.

## **CONCLUSION**

Members of the jury: that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement. I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.