UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSANNA MAYO-COLEMAN,

                Plaintiff,

vs.                                    Civil Action No. 14-cv-0079 (PAC)

AMERICAN SUGARS HOLDING, INC. and
ROBERT JANDOVITZ,

                Defendants.


MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S POST-TRIAL MOTION TO CONFORM THE VERDICT


Dated:  Rhinebeck, New York
          March 16, 2018

                                        Nathaniel K. Charny (NC 5664)
                                        Charny & Wheeler
                                        9 West Market Street
                                        Rhinebeck, New York 12572
                                        Tel. 845-876-7500
                                        ncharny@charnywheeler.com

                                        Megan Goddard
                                        Goddard Law PLLC
                                        39 Broadway, Suite 1540
                                        New York, New York  10006
                                        Tel. 646-504-8363
                                        megan@goddardlawnyc.com

                                        Gabrielle Vinci
                                        Nesenoff & Miltenberg LLP
                                        363 7th Avenue, 5th Floor
                                        New York, New York  10001
                                        Tel. 212-736-4500
                                        gvinci@nmllplaw.com

                                        Attorneys for Plaintiff Rosanna Mayo-Coleman

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................1

DISCUSSION .........................................................................................................................1

CONCLUSION.......................................................................................................................5

## TABLE OF AUTHORITIES

Anderson v. YARP Rest., Inc.,
No. 94 CIV. 7543 (CSH) (RLE), 1997 WL 27043 (S.D.N.Y. Jan. 23, 1997) ................................ 2

Brady v. Wal-Mart Stores, Inc.,
No. CV 03-3843 (JO), 2005 WL 1521407 (E.D.N.Y. June 21, 2005) ........................................... 3

Doty v. Sewall, 908 F.2d 1053 (1st Cir.1990) ............................................................................... 2

Foley v. City of Lowell, Mass., 948 F.2d 10 (1st Cir. 1991) ......................................................... 2

Gagliardo v. Connaught Lab., Inc., 311 F.3d 565 (3d Cir. 2002) .................................................. 3

Greenway v. Buffalo Hilton Hotel,
951 F. Supp. 1039 (W.D.N.Y. 1997), aff'd as modified, 143 F.3d 47 (2d Cir. 1998) .................... 3

Luciano v. Olsten Corp.,
912 F.Supp. 663 (E.D.N.Y.) (Spatt, J.), aff'd, 110 F.3d 210 (2d Cir. 1997) ................................... 3

Magee v. United States Lines, Inc., 976 F.2d 821 (2d Cir. 1992) .................................................. 1

Mallis v. Bankers Trust Co., 717 F.2d 683 (2d Cir. 1983) ............................................................. 2

Martini v. Fed. Nat'l Mortgage Ass'n, 178 F.3d 1336 (D.C.Cir. 1999) ......................................... 3

Passantino v. Johnson & Johnson Consumer Prod., Inc.,
212 F.3d 493 (9th Cir. 2000). ..................................................................................................... 3, 4

Singleton v. City of New York,
496 F. Supp. 2d 390 (S.D.N.Y. 2007), aff'd, 308 F. App'x 521 (2d Cir. 2009) ..................... 1, 4, 5

Torres v. Caribbean Forms Mfr.,
286 F. Supp. 2d 209 (D.P.R. 2003), aff'd and remanded sub nom.
Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52 (1st Cir. 2005) ............................. 3

INTRODUCTION

Plaintiff Rosanna Mayo-Coleman -- by this Post-Trial Motion to Conform the Verdict -- requests that the Court follow this Circuit's established protocol when dealing with a Title VII and New York State Human Rights Law (HRL) verdict, to wit, allocate all the compensatory damages (less one dollar) to the uncapped HRL claim and allocate all of the punitive damages verdict to the capped Title VII claim.

This Circuit has instructed that in the context of these kind of parallel claims the trial court must allocate damages amongst the claims such that "the successful plaintiff be paid under the theory of liability that provides the most complete recovery." Singleton v. City of New York, 496 F. Supp. 2d 390, 392 (S.D.N.Y. 2007), aff'd, 308 F. App'x 521 (2d Cir. 2009) (citing Magee v. United States Lines, Inc., 976 F.2d 821, 822 (2d Cir. 1992)).

The instant motion seeks the standard application of this jurisprudence, in particular that of the $300,000 available damages under Title VII, that amount be allocated as follows: (i) $299,999 as punitive damages; and (ii) one dollar as compensatory damages. The remaining compensatory damages awarded ($1,699,999) is requested to be deemed to arise from the uncapped New York State HRL claim.

DISCUSSION

Title VII was explicitly not intended to preclude a plaintiff from recovery under state law. See 42 U.S.C. § 2000e–7 ("[n]othing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalties or punishment provided by any present or future law of any state"). And, the Second Circuit has endorsed the requirement that a successful plaintiff under multiple statutes recover under "the theory of liability that provides the most complete recovery." Magee v. United States Lines, Inc., 976 F.2d 821, 822 (1992) (citing Mallis v.

1

Bankers Trust Co., 717 F.2d 683, 695 (2d Cir. 1983) (federal securities law and common law fraud and misrepresentation); Foley v. City of Lowell, Mass., 948 F.2d 10, 17 (1st Cir. 1991) (federal and state civil rights claims); Doty v. Sewall, 908 F.2d 1053, 1063 (1st Cir.1990) (fair representation claim under Labor-Management Reporting and Disclosure Act and state civil rights law)).

These two propositions compel the allocation proposed in this motion. Anderson v. YARP Rest., Inc., No. 94 CIV. 7543 (CSH) (RLE), 1997 WL 27043 (S.D.N.Y. Jan. 23, 1997) is on point. In Anderson the Court was dealing with a $65,000 jury verdict, which, because of the small size of the employer was subject to Title VII's $50,000 cap. The Court explains the reasoning behind the allocation of all punitive damages to Title VII and all compensatory damages to the HRL.

> [P]laintiff may not recover compensatory damages in duplicate under both the HRL and Title VII. However, plaintiff may, for example, recover compensatory damages only under the HRL and punitive damages only under Title VII. Because the standard of proof for sexual harassment claims and for damages is the same under Title VII as that under the HRL, the jury was not asked to demarcate which portion of the damage award was based upon Title VII and which portion was based upon the HRL. The jury was asked only to state the amount of compensatory and punitive damages plaintiff should be awarded from the Flagship . . . Given the deference to which the jury verdict is entitled, I conclude that plaintiff is entitled to recover the entire amount of damages awarded by the jury. The compensatory damage award []is deemed to be pursuant to the HRL, and the punitive damage award []is deemed to be pursuant to Title VII. This interpretation permits plaintiff to receive the full amount awarded by the jury without exceeding the legal limits placed upon sexual harassment claims under Title VII and the HRL.

Anderson, 1997 WL 27043 at *7 (citing authority).

Magistrate Judge Orenstein similarly explains in the identical context of an ADA claim with parallel state law claim as follows:

2

> The ADA explicitly preserves Brady's right to recover damages under state law not available under federal law, see 42 U.S.C. § 12201(b), and, as noted above, the applicable state law places no limit on the amount of compensatory damages that Brady may recover.  Other courts, in this district and elsewhere, have acted similarly to allocate jury awards between statutorily capped federal claims and unlimited state claims so as to most nearly reflect the jurors' verdicts.  Given the weight of authority and the lack of dispute on the matter, I allocate[e] all of the jury's $2.5 million compensatory damages award [] to Brady's state law claim.

Brady v. Wal-Mart Stores, Inc., No. CV 03-3843 (JO), 2005 WL 1521407, at *5 (E.D.N.Y. June 21, 2005) (citing Greenway v. Buffalo Hilton Hotel, 951 F. Supp. 1039, 1057 (W.D.N.Y. 1997), aff'd as modified, 143 F.3d 47 (2d Cir. 1998); Luciano v. Olsten Corp., 912 F.Supp. 663, 675-76 (E.D.N.Y.) (Spatt, J.), aff'd, 110 F.3d 210 (2d Cir. 1997); Gagliardo v. Connaught Lab., Inc., 311 F.3d 565, 570-71 (3d Cir. 2002); Passantino v. Johnson & Johnson, 212 F.3d 493 (9th Cir. 2000); Martini v. Fed. Nat'l Mortgage Ass'n, 178 F.3d 1336 (D.C.Cir. 1999)).

There is an interesting side note to this analysis.  In Torres v. Caribbean Forms Mfr., 286 F. Supp. 2d 209, 218–19 (D.P.R. 2003), aff'd and remanded sub nom. Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52 (1st Cir. 2005), the Trial Court allocated all but one dollar of the capped Title VII damages to punitive damages and allocated that remaining single Title VII dollar to the compensatory damages.  The Court in Torres acted in such a fashion because it was concerned that failure to do so might prohibit  the imposition of punitive damages under said statute . . ." Id. at 54 (citing First Circuit authority).

While a cautious approach regarding which Plaintiff's counsel was unable to find any Second Circuit discussion, it appears unnecessary here.  The Ninth Circuit explains:

> [T]he jury did award compensatory damages [and Plaintiff] did establish liability for compensatory damages on her federal claim, and the jury actually awarded her compensatory damages under federal law.  It did so in the form of a general compensatory damages award that applied to both the federal and state claims.

3

> Because the standards for liability under state and federal law were similar, the damage awards were fungible . . . and, barring some statutory or other reason [], could be allocated, by the court, to either the state or federal claims, in whole or in part. Although the district court acted properly in allocating the compensatory part of the jury's damage award to [plaintiff's] state law claim, the fact remains that the jury awarded compensatory damages under both federal and state law retaliation claims. That is all that is required to permit an award of punitive damages in cases in which predicate damages are necessary. A court's subsequent allocation of compensatory or nominal damages among various claims does not change that rule.

Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 515 (9th Cir. 2000).

Nonetheless, given the dearth of authority that counsel could find in this Circuit, and in an abundance of caution, the motion herein requests the same allocation as in Torres, e.g., all but one dollar of the compensatory damages be allocated to the HRL claim, with one dollar of the compensatory damages being credited to Title VII. This reduces the available punitive damages to $299,999.

Finally, during discussions prior to the jury charge, the Court offered counsel a citation to Singleton v. City of New York, 496 F. Supp. 2d 390, 392 (S.D.N.Y. 2007), aff'd, 308 F. App'x 521 (2d Cir. 2009), as providing insight into the Court's thinking on potential post-trial review of the jury verdict

Singleton is irrelevant to any punitive damages analysis, because the defendant in Singleton was a municipality, and as such, there were no available punitive damages. Accordingly, Judge Rakoff in Singleton had no reason to, and did not, pontificate on the relationship between the cap on punitive damages as it relates to allocating a jury verdict.

4

While Singleton is relevant to the analysis of compensatory damages[1] and indeed stands for the very proposition discussed above (citing Magee, that where there is "only a single award of damages, not segregated into separate components [] the preferable rule, we think, is that the successful plaintiff be paid under the theory of liability that provides the most complete recovery," Singleton, 496 F. Supp. 2d at 392), it is completely irrelevant as to punitive damages.

## CONCLUSION

For these reasons, as well as the entire record before the Court, it is submitted that Plaintiff's motion to conform the verdict should be granted and that the Court should allocate all of the punitive damages award to Title VII and allocate all but one dollar of the compensatory damages to Plaintiff's HRL claim.  In turn, it is requested that the Court confirm the punitive damages verdict to such allocation and reduce it to $299,999.

// signature on next page //

---

[1] As to Singleton's application to the question of the appropriate compensatory damages, which will be discussed in detail in Plaintiff's opposition to Defendant's likely motion to reduce the compensatory damages award, Singleton is distinguishable from the instant case for two significant reasons:  (i) the plaintiff in Singleton suffered only garden variety mental anguish, whereas here the Plaintiff suffered extreme mental anguish as corroborated not just by testimony of the Plaintiff and her colleagues, but also by Plaintiff's psychiatric expert; and (ii) Plaintiff is an eggshell-skull Plaintiff, and as has been established as the law of this case, this provides for additional compensation for the exacerbation of said eggshell nature.  The plaintiff in Singleton offered no similar proof and did not have either of these notable conditions -- and yet Judge Rakoff nonetheless found $300,000 to be an appropriate remittitur.

Dated: Rhinebeck, New York
       March 16, 2018

_____
Nathaniel K. Charny (NC 5664)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel. 845-876-7500
Fax. 845-876-7501
ncharny@charnywheeler.com

Megan Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York  10006
Tel. 646-504-8363
megan@goddardlawnyc.com

Gabrielle Vinci
Nesenoff & Miltenberg LLP
363 7th Avenue, 5th Floor
New York, New York  10001
Tel. 212-736-4500
Fax. 212-736-2260
gvinci@nmllplaw.com

Attorneys for Plaintiff Rosanna Mayo-Coleman