UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROSANNA MAYO-COLEMAN,

                Plaintiff,                Civ. No.: 14-CV-0079 (PAC)(KNF)

                - v. -

AMERICAN SUGARS HOLDING, INC.,
and ROBERT JANDOVTIZ,

                Defendants.

------------------------------------------------------------x

### GODDARD AFFIRMATION IN SUPPORT OF APPLICATION
### FOR REASONABLE ATTORNEYS' FEES AND COSTS

MEGAN S. GODDARD, ESQ., duly sworn, deposes and says:

1. I am the Managing Partner of Goddard Law PLLC and have been since January of 2017. Prior to that, I was a partner at Nesenoff & Miltenberg, LLP. (hereinafter the "Firm"), attorneys of record for the Plaintiff herein. I submit this declaration in support of the Plaintiff's Motion for Attorneys' Fees pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Attached hereto as Exhibit 1 are the Firm's billing records on this case. Pursuant to Firm practice, we input our time records contemporaneously into a computerized billing program and then print out the report in billing clients and moving for attorneys' fees. The time records reflect work performed by me as well as my associate, Gabrielle Vinci, Esq. as well as the Firm's paralegals.

### ATTORNEYS' FEES

2. I have been lead counsel on this case from the outset. I performed numerous acts as attorney for Plaintiff and rendered Plaintiff various services as attorney of record in this matter. Moreover,

1

in connection with this motion, Ms. Vinci handled numerous legal duties for Plaintiff and rendered Plaintiff various services as attorney of record in this matter.

3. In connection with the representation of Plaintiff, I am familiar with all of the legal services provided by the Firm.  These services were either performed by me or under my supervision. These services are fully and fairly described in the contemporaneous time records kept by the Firm in connection with this matter.

4. In my professional opinion, all of these services were reasonably necessary to secure the favorable result that was secured for my client.

5. I primarily handle plaintiffs' employment discrimination and retaliation claims. Accordingly, the vast majority of my cases are contingency based.  However, the Firm and Goddard Law PLLC also perform work on an hourly basis and I regularly perform work on an hourly basis.

6. In the Firm's initial agreement with Plaintiff, I agreed to represent her in this matter on a contingency basis.

## **THE HOURLY RATES**

7. The hourly rates indicated on the Client Ledger (and above) are in accordance with community standards and are representative of the hourly rates typically charged by the Firm. Each attorney who performed substantial work on the case is listed below along with a discussion of why their hourly rates are reasonable.

### Megan S. Goddard

8. I have spent the vast majority of my 15-year legal career fighting for equal rights, particularly in the employment discrimination and retaliation field.  I graduated from the

University of Missouri-Columbia and then attended Tulane Law School, where I served on the Tulane Law Review and graduated with honors.

9. I have represented countless clients before both State and Federal courts and administrative venues, as well as in various mediation and arbitration proceedings. I have had three trial victories in 2018. In addition to this case, in January of 2018, my team prevailed in *Ruth Duarte v. St. Barnabas Hospital 15 cv 6827,* a disability discrimination case that resulted in a plaintiff's verdict of $1.34 million. On April 23, 2018, my trial team prevailed in *Lewis v. American Sugar Refining, Inc.*, 14-CV-2302 (CRK), a racial/national origin discrimination and retaliation case resulting in a plaintiff's verdict in the amount of $2.35 million.

10. I have been quoted in various publications on employment discrimination issues as well as my own employment discrimination cases, including but not limited to the following:

| 3/10/16 | Case in the news: "Doorman sues former bosses who wouldn't give him time off to process trauma of discovering fatally-slashed woman inside Battery Park City apartment," New York Daily News. |
|---|---|
| 3/8/16 | Case in the news: "NYC Doorman Sues Employer For Forcing Him To Find Body," Law360. |
| 2/29/16 | Quoted, "For Kesha and Dr. Luke, Many Possible Legal Outcomes," Rolling Stone. |
| 2/2/16 | Case in the news: "Pregnant woman claims Bronx food distributor bosses forced her to work in 'onion room' after complaining about working conditions," New York Daily News. |
| 2/2/16 | Case in the news: "Factory forced pregnant woman to work in 'onion room': suit," New York Post. |
| 8/24/15 | Case in the news: "Harassment claims surface in Gallagher dismissal suit," The Insurance Insider. |
| 7/28/13 | Case in the news: "Waitress $erved bribes with breakfast: lawsuit," New York Post. |
| 7/7/15 | Quoted, "McElroy Deutsch Settles Sexual Harassment Suit," New Jersey Law Journal. |
| 7/6/15 | Mentioned, "McElroy Settles Ex-Atty's Sex Bias, Sexual Harassment Suit," Law360. |
| 7/2/15 | Quoted, "McElroy Deutsch in Talks to Settle Sexual Harassment Suit," Law.com |

| 4/4/15 | Quoted, "McElroy Deutsch faces gender bias, sexual harassment suit," New Jersey Law Journal. |
|---|---|
| 3/22/15 | Quoted, "Former waitress awarded $1m after nightclub owner 'asked to do cocaine off her breast and licked her neck'," Daily Mail. |
| 3/10/15 | Case in the news: "Autism disclosure, firing linked, plaintiff says," The Times of Northwest Indiana. |
| 1/2/14 | Quoted, "Mercy faces discrimination lawsuit," LI Herald. |
| 12/23/13 | Quoted, "Haitian nurse sues New York hospital over dismissal and voodoo taunt," Jamaica Observer. |
| 12/23/13 | Quoted, "Haitian Nurse Sues NY Hospital for Discrimination, Racial Taunts," Atlanta Blackstar. |
| 11/26/13 | Mentioned, "Waitress wins big six years after boss snorts coke off her shoulder," New York Daily News. |

11. I have been called upon as an expert in discrimination cases and plaintiff's employment discrimination litigation for various news outlets, and I have also been called upon by numerous other attorneys for advice with respect to handling civil rights and discrimination cases.

12. I currently serve as a board member of the National Employment Lawyers Association New York Chapter as well as a member of the Gender Discrimination Committee of that organization and have spoken at several CLE programs sponsored by that organization.

13. While working at Nesenoff & Miltenberg, LLP., I handled and supervised a caseload which consisted primarily of civil rights and employment discrimination cases; thus, I have developed an extensive expertise in this field.  During my tenure as a lawyer, I have represented a number of employment/civil rights plaintiffs in both State and Federal Court and have had significant successes with those cases.

14. I acted as a supervising partner on this case from the day the client signed her retainer agreement to the present.

15. Based on my legal experience and reputation, $450.00 per hour is reasonable for the services I have provided in this matter considering I have personally handled this case from its inception.

<u>Gabrielle Vinci</u>

16. Ms. Vinci graduated from Hofstra University School of Law where she acted as an executive board member of her law school's Labor and Employment Law Society.  In her second year of law school, Ms. Vinci interned for a well-known plaintiff's employment discrimination firm in Garden City, New York during which time she was the primary legal researcher and writer in approximately thirty (30) cases under the supervision of the firm's managing attorney. Following her graduation from law school, Ms. Vinci worked as a Law Clerk, where she continued to perform at an exemplary level and was almost exclusively responsible for managing the senior partner's full caseload.

17. Ms. Vinci was admitted to practice law in the courts of the State of New York in May 2015. Since then, she has been admitted to practice in all Federal District Courts in the State of New York and has been admitted *pro hac vice* in cases around the country. As an associate, Ms. Vinci seamlessly managed her own caseload of approximately 75 cases, has successfully opposed numerous motions including motions to dismiss and motions for summary judgment, and has appeared before the various federal and state courts in the State of New York on behalf of her clients.  She has acted as "second chair" in several trials in the United States District Court, Eastern District of New York, has acted as "second chair" in trials in the Supreme Court of the State of New York, Nassau County, and has acted as lead counsel in a trial in the Bronx County Civil Court.  In addition to assisting me in this case, Ms. Vinci recently second-chaired the successful trial in *Duarte* and assisted me in *Lewis*.

18. Ms. Vinci started at the Firm in March 2016 and since that time has been responsible for managing her own case load, including both employment discrimination and hourly commercial litigation cases.

19. Based on Ms. Vinci's experience, her hourly rate of $350.00 per hour is reasonable.

## Paralegal Time

20. Since its inception, the paralegals at the firm have been instrumental in ensuring the smooth litigation of this matter. The paralegals at the Firm have, among other things, (i) communicated with Plaintiff, witnesses, and opposing counsel; (ii) worked on and completed discovery; (iii) communicated with the court; and (iv) helped prepare the trial team for the trial int his matter.

21. As referenced in the attached Client Ledger, the paralegal's hourly rate of $125.00 per hour is fair and reasonable.

## The Firm

22. These hourly rates are also reasonable in light of the reputation of the Firm, and the demand for the services Nesenoff & Miltenberg, LLP. provides. The Firm has been in existence for more than twenty years.

23. I was the employment discrimination Partner at the Firm until I left in December of 2017 but I continued to remain lead counsel on all of the discrimination matters pending at the firm when I left, including the instant case.

24. Approximately 90% of the cases that Ms. Vinci and I handle are discrimination/civil rights cases. The Firm handles cases in all District Courts in the State of New York, as well as in the courts of New York State. Further, the Firm's associates and partners have appeared *pro hac* vice in numerous litigation cases across the country.

25. The firm has enjoyed great success in trying cases before this court, and has established many precedents in the area of commercial litigation, employment law, and Title IX litigation.

26. In sum, considering the demand for the services of the Firm, and the experience of the Firm's staff, the Firm can command rates in excess of the aforementioned hourly rates; accordingly, such rates are reasonable.

## THE NUMBER OF ATTORNEY HOURS

27. The number of attorney hours represented in the Client Ledger is reasonable and represents hours that were necessarily expended throughout the litigation and were reasonably necessary to ensure Plaintiff's success at trial.

28. This case was not overstaffed in any way. Ms. Vinci and I, together with our assigned paralegal, handled all discovery. Further, as the Firm has extensive familiarity with discrimination law, none of the hours expended were spent reading background materials designed to familiarize the attorneys with this general area of the law.

29. Once the case progressed to trial, I recruited an experienced trial lawyer to assist at trial, Nathaniel Charny Esq., who tried the case along with Ms. Vinci and me. There is very little overlap in these various assignments.

WHEREFORE, the Plaintiff respectfully requests that Plaintiff's Motion for Attorneys' Fees and Costs be granted in its entirety, together with such other and further relief as to the Court seems just and proper.

Dated:	New York, New York
	July 27, 2018

							*Megan S. Goddard*
							MEGAN S. GODDARD