NESENOFF & MILTENBERG, LLP
GODDARD LAW, PLLC
CHARNEY & WHEELER, LLP

## RETAINER AGREEMENT

January 28, 2018

**VIA HAND DELIVERY**
Rosanna Mayo-Coleman

    Re:    **Mayo-Coleman v. American Sugars Holdings Inc., Index No.: 14-CV-0079**

Dear Rosanna:

    You have requested that Nesenoff & Miltenberg, LLP and Goddard Law PLLC (collectively "the Firms"), represent you in connection with the trial in the above referenced matter (the "Litigation"). This agreement is limited thereto except that, this agreement does not cover any handling of any appeal (whether as Appellant or Respondent) related to the Litigation. To the extent any appeal should arise, you understand that you must enter into a separate and mutually agreeable retainer agreement executed prior to the Firms making an appearance on your behalf in such appeal.

    You have authorized the Firms to retain trial counsel and you understand that the Firms have retained the services of Charny & Wheeler, LLP as co-counsel for the trial.

    As we discussed, you should realize and understand that as with all matters, no particular result can be guaranteed. Specifically, you acknowledge that we have made no representations nor have we given any opinion, implied or otherwise, or suggested the probable results of any litigation concerning this matter.

    It is essential that you understand that you are responsible for regular communication to our office and that you timely provide complete and accurate information throughout our representation of you. We will rely on this information and its timeliness in performing legal services for you. We agree to keep you regularly informed in writing of the status of this matter, and shall promptly send you copies of pertinent letters and other documents as they become available. You agree to keep us fully and timely informed of any developments which may impact upon this matter in any form, and you agree that you have fully and honestly described the factual circumstances underlying this matter, whether favorable or adverse to your position.

    You have agreed to pay us as compensation for our services herein as follows: In lieu of the following normal hourly rate of $500 per hour for attorney time for Megan Goddard and Nathaniel Charny and $350 for Gabrielle Vinci and $150 per hour for paralegal time, you

Mayo-Coleman v. ASR
Page 2 of 2
January 28, 2018

agree to pay the firm the greater of: (i) thirty three and one third (33.333%) percent of the total gross amount of any recovery on your behalf by settlement, judgment or otherwise, including any amounts recovered which are designated attorney's fees; or (ii) the amount awarded as attorney's fees to be paid by the employer whether by settlement, judgment or otherwise. You hereby authorize and direct us to receive, retain and disburse any such settlement or judgment amount. Upon our receipt of any settlement or judgment amount, we are authorized and directed to retain our fee amount pursuant to the foregoing, as well as retaining such sums as are necessary in order to pay any outstanding invoices and/or expenses and/or disbursements. These costs, expenses and disbursements may include and/or be related to experts, witnesses or outside professionals, court costs, service of process, transcripts, printings, secretarial overtime and traveling. The balance of said settlement or judgment amount shall be remitted to you.

In the event that you receive a non-monetary but otherwise beneficial settlement, you will pay us and we will be entitled to receive 33.333% of the value of the beneficial settlement with costs, expenses and disbursements.

**YOU ARE RESPONSIBLE FOR LITIGATION COSTS AND EXPENSES REGARDLESS OF OUTCOME:** Costs and expenses are defined and include, but are not limited to, the following: All costs, expenses, disbursements and litigation expenses associated with this matter, including court filing fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, messenger and delivery fees, deposition costs, litigation related travel expenses, investigation expenses, consultants' fees, expert witness related fees and expenses, trial preparation and related exhibit expenses, jury fees, reporter fees, actual trial related expenses and other similar items. All costs and expenses will be charged at our cost. You understand that as indicated herein, you may be required to make a deposit for costs (estimated or realized) before the expenditure is made by attorney. While as a professional courtesy, attorney may advance certain costs on your behalf, on our demand, you agree to pay for all actual and/or estimated costs, disbursements, and expenses. You authorize attorney to incur all reasonable above-indicated costs at our sole good faith discretion. In the event that an award of costs is sought on your behalf in this action, you understand that the amount which the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine or reflect what costs attorney is entitled to charge its clients or that only the costs which were allowed were reasonable. You agree that you remain responsible for the payment, in full, of all attorneys' fees and costs in connection with this matter and subject to the terms and conditions herein. **It is understood and agreed that no costs, other than routine court costs, disbursements and expenses, will be incurred without your express written approval.**

We hereby advise you of, and incorporate herein Section 1210.1 of the Joint Rules of the Appellate Division (22NYCRR§§1210.1), as follows:

*You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.*

Mayo-Coleman v. ASR
Page 2 of 2
January 28, 2018

*You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).*

*You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.*

*You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.*

*You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.*

*You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.*

*You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some matters).*

*You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.*

*You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.*

*You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.*

Please be advised that, as a matter of law, electronically stored information is an important and irreplaceable source of discovery and/or evidence in any potential litigation.

Consequently, we hereby request that you and any party acting under your direction or control, either directly or indirectly in the preserve all information relating to the above-referenced matter, including that information found in computer systems, removable electronic media, and other locations. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars telephone logs, contact manager information, internet usage logs, social networking data under direct or indirect control and network access information.

Mayo-Coleman v. ASR
Page 2 of 2
January 28, 2018

You should also preserve the following platforms in your possession under your direct or indirect control: databases, networks, computer systems, including legacy system discs, drives, cartridges, and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voice mail).

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, an obligation to: discontinue all data destruction and backup tape recycling policies; preserve and not dispose of relevant hardware unless an exact replica of the file is made; preserve and not destroy passwords, decryption procedures, network access codes, ID names, manuals, tutorials, written instructions, decompression and reconstruction software; and maintain all other pertinent information and tools needs to access, view, review and reconstruct all requested or potential relevant electronic data.

If at any time, in our sole and exclusive discretion, we believe the sum and substance of these matters to be different than you have represented to us, or we otherwise determine that we can no longer effectively act as counsel to you in this litigation, we reserve the right to discontinue our representation and/or withdraw from these matters. We agree to keep you regularly informed in writing of the status of your litigation, and shall promptly send you copies
of all court documents and pertinent letters and documents as they become available. You agree to keep us fully and timely informed of any development s which may impact upon these matters in any form, and you agree that you have fully and honestly described the factual circumstances underlying these matters, whether favorable or adverse to your position.

Further, in the event that a settlement offer is proffered or otherwise made, which in our professional opinion is reasonable and fairly represents the probable outcome of these matters, and you fail or otherwise refuse to accept that offer, in contravention of our professional advice, we reserve the right to discontinue our representation and/or withdraw from the matter. It is your right to terminate our engagement at any time, with or without cause. This will not impact upon any outstanding fees due and owing Nesenoff & Miltenberg, LLP, Goddard Law, PLLC or Charny & Wheeler, or expenses incurred by us in the scope of our representation of you. In the event that you settle or compromise this matter, with or without our assistance, we shall be entitled to our applicable contingency fee amount, based upon the settlement amount. Our representation is specifically limited to the matter set forth herein. In the event that it becomes necessary to enforce this agreement, then in addition to all other damages, we shall be entitled to attorney's fees, whether pro se, or otherwise.

Please confirm the foregoing by signing the enclosed counterpart of this letter where indicated.


Mayo-Coleman v. ASR
Page 2 of 2
January 28, 2018

Very truly yours,
NESENOFF & MILTENBERG, LLP

By: _____
Andrew T. Miltenberg, a Partner

GODDARD LAW, PLLC

By: _____
Megan Goddard, a Partner

CHARNY & WHEELER, LLP

By: _____
Nathaniel Charny, a Partner

**READ, UNDERSTOOD,
ACCEPTED AND AGREED TO:**

_____
**Rosanna Mayo-Coleman**