USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

ROSANNA MAYO-COLEMAN,

          *Plaintiff,*

    *-against-*

AMERICAN SUGARS HOLDING, INC. and
ROBERT JANDOVITZ,

          *Defendant.*

----------------------------------------------------------X

14 Civ. 0079 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Rosanna Mayo-Coleman prevailed at trial against her former employer American Sugar Holdings, Inc. ("American Sugar" or "Defendant") on claims that she was subjected to sexual harassment and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and New York State Human Rights Law, New York Executive Law § 290 *et seq.* ("NYSHRL"). She now seeks $378,630 in attorney's fees and $24,940.34 in costs arising from this successful litigation.[1] For the reasons set forth below, Plaintiff's motion is GRANTED as modified.

## BACKGROUND

On January 6, 2014, Plaintiff Rosanna Mayo-Coleman, *pro se*, commenced this action alleging that her employer, American Sugar, and its Human Resources Manager, Robert Jandovitz,

---

[1] Plaintiff originally sought $394,805.00 in fees and $25,685.38 in costs. (Pl's Mem., Dkt. 201, at 10). In response to specific objections raised in Defendant's opposition, Plaintiff reduced her initial fee requests, but added additional billing hours for work spent on her Reply. (Pl's Reply, Dkt. 210, at 11). The award evaluated in this Order refers to the adjusted amount requested in Plaintiff's Reply.

discriminated against her on the basis of her sex. Subsequently she retained counsel, Megan Goddard of the firm Nessenhoff & Miltenberg, and filed an Amended Complaint. The Amended Complaint expanded her claims to allege: (1) hostile work environment and "an atmosphere of adverse employment actions" based on Plaintiff's "gender, sex, race, and age"; (2) discrimination based on gender, sex, race, and age, in violation of NYSHRL and New York City Human Rights Law ("NYCHRL"); and (3) retaliation and discrimination based on gender, sex, race, and age, "in violation of Federal Law," NYSHRL, and NYCHRL. (Dkt. 30).

The Court dismissed Plaintiff's clams of race and age discrimination on July 17, 2015 as procedurally barred for her failure to first raise them with the Equal Employment Opportunity Commission. (Order Adopting R&R, Dkt. 67). After a period of discovery on Plaintiff's remaining claims, American Sugar and Jandovitz moved for summary judgment. On September 18, 2017, the Court granted summary judgment in favor of Jandovitz on all claims and in favor of American Sugar on Plaintiff's NYCHRL claim and her discrimination and retaliation claims under Title VII and NYSHRL. *Mayo-Coleman v. Am. Sugars Holding, Inc.*, No. 14CV0079PACKNF, 2017 WL 4157379, at *6 (S.D.N.Y. Sept. 18, 2017). The Court denied American Sugar's summary judgment motion as to Plaintiff's Title VII and NYSHRL hostile work environment claims, *id.* at *10, and the case proceeded to trial on those remaining claims.

Attorney Nathaniel Charny joined Plaintiff's legal team around October of 2017 to assist with her case in connection with the upcoming trial. In addition to Goddard and Charny, a third attorney named Gabrielle Vinci, an associate from Goddard's firm, also assisted throughout the litigation and at trial. (Goddard Aff., Dkt.199, ¶¶1-2). Trial in this case commenced on February 26, 2018 and lasted four days. On March 2, 2018, the jury returned a verdict in favor of Plaintiff on her claims that she was subjected to sexual harassment and a hostile work environment in

violation of Title VII and New York State Human Rights Law, awarding her $13.4 million dollars in compensatory and punitive damages. (Dkt. 168). Following post-trial briefing, Plaintiff accepted a remittitur of $800,000. (Dkt. 196).

## DISCUSSION

Under Title VII, "the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee (including expert fee) as part of the costs." 42 U.S.C. § 2000e-5(k). NYSHRL contains a similar provision stating, "with respect to a claim of employment or credit discrimination where sex is a basis of such discrimination . . . the court may in its discretion award reasonable attorney's fees attributable to such claim to any prevailing party." NY Exec § 297 (10). The prevailing party may also seek compensation for time spent on post-trial work and litigating applications for attorney's fees and costs. *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017).

The burden rests on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. *Olsen v. Cty. of Nassau*, No. CV 05-3623 (ETB), 2010 WL 376642, at *2 (E.D.N.Y. Jan. 26, 2010). Still, "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), and in evaluating an application, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Id.*; *see also Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017). Instead, trial courts should "take into account their overall sense of a suit," *id.*, with a particular focus on "the degree of success obtained," *Patterson v. Balsamico*, 440 F.3d 104, 123 (2d. Cir. 2006), by the prevailing party.

American Sugar does not dispute that Mayo-Coleman is entitled to attorney's fees and costs in this action, but contends that her request is "grossly excessive," (Def. Opp. Mem., Dkt. 206, at 1), and should be modified to no more than $160,000 in attorney's fees and $15,000 in

3

costs. According to American Sugar, this reduction in award is justified because: (1) the hourly rates sought for attorneys and a paralegal are not reasonable; (2) the numbers of hours billed is excessive; and (3) some of Plaintiff's costs are excessive or unsubstantiated.

## I. Reasonable Fees

### A. Legal Standard

Attorney's fees are determined by determining the "presumptively reasonable fee," often referred to as the "lodestar" amount, calculated by multiplying the number of hours the prevailing party's counsel worked "by the reasonable hourly rate charged for similar work by attorneys of like skill in the jurisdiction." *Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363, 366 (S.D.N.Y. 2015). In calculating whether a given rate is reasonable, courts look to "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). Beyond market rates, "[t]he district court must also bear in mind . . . case-specific variables." *Smart v. City of New York*, No. 15-CV-1405 (RRM)(PK), 2017 WL 933080, at *2 (E.D.N.Y. Feb. 17, 2017) (internal citation and quotation omitted).

### B. Nathaniel Charny

Plaintiff requests $500 per hour for her trial counsel, Nathaniel Charny. Charny has over twenty-three years of litigation experience in the area of labor and employment and has obtained significant settlements and affirmative relief on behalf of plaintiffs against several major employers, including a large national liquor distributor, a local supermarket branch of a national chain, and a Hudson Valley farm. (Charny Decl., Dkt. 200, ¶3). Notwithstanding this experience and success, American Sugar asks the Court to modify Charny's billing rate to $350 an hour on the grounds that other courts in this district have found hourly rates between $350-450 an hour

reasonable for experienced civil rights attorneys. *Salama v. City of New York*, No. 13-CV-9006 PKC, 2015 WL 4111873, at *2 (S.D.N.Y. July 8, 2015). Recent courts, however, have found billing rates of $500 or more reasonable for experienced partners, *see e.g.*, *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, No. 12CV4221 (LAP) (DF), 2015 WL 9287121, at *3 (S.D.N.Y. Feb. 5, 2015), *R&R adopted*, No. 12CV4221LAPDF, 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015), and a similar outcome is appropriate here. The Court presided over this trial and believes Charny's performance, clearly a result of his years of experience and trial expertise, played a critical role in Plaintiff's success. An hourly rate of $500 is a reasonable rate for his work and will not be modified.

**C. Megan Goddard**

Plaintiff seeks a rate of $450 an hour for attorney Megan Goddard. American Sugar acknowledges that "Goddard's proposed rate is at the upper limit of what is permitted in some circumstances," (Def. Opp. Mem. at 7), but contends that such an award is not appropriate here because, by hiring Charny as trial counsel, Goddard "abdicated her role as lead counsel attorney at trial, essentially acknowledging that her role in this case was limited to pretrial discovery and motion practice." *Id.* As such, American Sugar asks the Court to modify Goddard's hourly rate to $350 an hour.

Goddard's fee of $450 an hour is reasonable and will not be altered. Goddard is an experienced employment discrimination lawyer with over fifteen years of experience in the industry and she served as lead counsel and the supervising partner on Plaintiff's case throughout the litigation. (Goddard Aff. ¶¶ 8-15). The hiring of Charny as additional trial counsel does not diminish Goddard's role in Plaintiff's case or in her ultimate success. As American Sugar belabors in its own motion, this was not a simple litigation—Plaintiff's case endured for approximately four

years and involved several phases of discovery and motion practice, all of which Goddard oversaw. (Goddard Aff. ¶¶ 2-3). Goddard's experience and supervisory role makes $450 a reasonable rate for her services.

**D. Gabrielle Vinci**

American Sugar objects to Plaintiff's proposed hourly rate of $350 for Gabrielle Vinci as "plainly excessive," (Def. Opp. Mem at 11), given that Vinci was only admitted to the New York State Bar in 2015 and joined the firm Nesenoff & Miltenberg LLP in March of 2016. Relying on a case in this district in which the court found hourly rates between $175 to $250 reasonable for associates with one to four years of experience, *Ng v. King Henry Realty, Inc.*, No. 16CIV0013PAEJCF, 2016 WL 6084074, at *4 (S.D.N.Y. Oct. 7, 2016), and another which held an hourly rate of $350 excessive for associates, *Spalluto v. Trump Int'l Hotel & Tower*, No. 04CIV.7497(RJS(HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008), American Sugar asks the Court to modify Vinci's hourly rate to $200.

An hourly billing rate of $350 for Vinci is excessive. Although Plaintiffs cite to one case, *Mugavero v. Arms Acres, Inc.*, No. 03 CIV.05724 PGG, 2010 WL 451045, at *5 (S.D.N.Y. Feb. 9, 2010), where a court found $200 to $350 an hour to be a reasonable rate of pay for associate work, the title of "associate" alone cannot be dispositive here. Depending on the law firm, "associate" can refer to a lawyer just out of law school to a lawyer with ten or more years of experience. *See, e.g., Spalluto*, 2008 WL 4525372, at *14 (awarding an associate with eighteen years of experience $275 an hour). Instead, the proper inquiry should focus on Vinci's experience and credentials, not her title. Vinci was admitted to practice law in 2015 and began working at Nesenoff & Miltenberg LLP in March 2016, the same month she began billing hours to Plaintiff's case. (*See* Goddard Aff., ¶¶ 16-19). Although by the time Plaintiff's case went to trial, Vinci had

approximately three years of experience as an admitted lawyer, at the onset of this case she was in her first or second year of practice. Given these credentials, awarding Vinci an hourly rate in the upward range of typical associate rates is not reasonable and warrants a modest reduction. Vinci's hourly billing rate is reduced to $250 an hour.

### E. Paralegal Work

Plaintiff seeks an hourly rate of $125 for the work of its paralegal, which Defendant objects to as excessive and because Plaintiff has failed to provide any information about the given paralegal's education or experience. American Sugar asks the Court to either deny compensation altogether as a punishment for Plaintiff's failure to provide the paralegal's credentials, or, in the alternate, to reduce the paralegal rate to $75 an hour.

Courts in this district typically find a billing rate of $125 an hour for paralegals reasonable. *Tatum v. City of New York*, No. 06-CV-4290 PGG GWG, 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010). Nonetheless, paralegal rates, like other rates, are dictated by a given paralegal's experience and credentials, which the Court cannot evaluate here because Plaintiff fails to provide it. Plaintiff is still entitled to an award for the work performed by paralegals, but her failure to provide this information does warrant a reduction in rate. *See Walker v. City of New York*, No. 11-CV-314 CBA, 2015 WL 4568305, at *7 (E.D.N.Y. July 28, 2015); *Spalluto v. Trump Int'l Hotel & Tower*, No. 04CIV.7497(RJS(HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008).[2] As such, the paralegal billing rate is reduced to $75 an hour.

---

[2] Plaintiff points to *Lewis v. Am. Sugar Ref., Inc.*, No. 14-CV-02302 (CRK), 2019 WL 116420 (S.D.N.Y. Jan. 2, 2019), a case decided in this district after the motion at issue here was fully briefed, for further support that a rate of $125 for paralegals is reasonable. *Lewis* is distinguishable on this issue because there, unlike here, the plaintiff remedied her initial omission through an "affirmation on reply [which provided] the necessary corroborating information regarding the level of expertise of the two paralegals assigned." *Id.* at *4.

## II. Hours Billed

American Sugar further opposes Plaintiff's motion on the grounds that the number of hours billed is excessive and unreasonable. Specifically, Defendant asks this Court to: (1) reduce Charny's fees 50% because he was "unnecessarily retained . . . on the eve of trial, to perform services that could have and should been performed [by Goddard]," (Def. Opp. Mem. at 9); (2) reduce the fee award by an additional 15% because Plaintiff's billing entries contain "duplicative, inefficient and unnecessary" work, as well as "improperly vague billing entries and block billing" (*id.*); and (3) reduce the fee award by an another 30% for work performed on claims later dismissed.[3]

### A. Legal Standard

An application for attorney's fees must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see also Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). Courts evaluate contemporaneous records for reasonableness, *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983), considering its own familiarity with the demands of the case as well as the evidentiary submissions of the parties, *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

### B. Charny's Hours

The decision to bring on Charny, an experienced trial lawyer, to assist in Plaintiff's representation at trial was strategic and reasonable. *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984) ("Multiple attorneys may be essential

---

[3] Defendant also asks for a 25% reduction in the fee award to reflect its objections to the hourly billing rates of Plaintiff's lawyers and paralegals. Since Plaintiff's fee award will necessarily be reduced by the Court's ruling on Defendant's objections to these hourly rates discussed Part I, *supra*, the Court does not factor in an additional reduction premised on that same objection here.

8

for planning strategy, eliciting testimony or evaluating facts or law."). Charny's billing records make clear that beyond a few hours dedicated to familiarizing himself with the pleadings and major developments in Plaintiff's case, Charny's limited his work to prospective matters needed to prepare for and advance Plaintiff's case through trial. *See generally* (Charny Decl. Ex. 1, Dkt. 200); see *also* (Def. Opp. Mem. at 15) ("The records indicated that [Charny] performed numerous tasks . . . such as conducting research and drafting witness lists, the Joint Pretrial Order, jury instructions and *voir dire*.")).

American Sugar relies on *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 CIV. 4602 PGG, 2013 WL 6508813, at *10 (S.D.N.Y. Dec. 12, 2013) and *Simmonds v. New York City Dep't of Corr.*, No. 06 CIV. 5298 (NRB), 2008 WL 4303474, at *7 (S.D.N.Y. Sept. 16, 2008) to support its position that "[c]ourts routinely reject requests for attorney's fees that are inflated by the addition of another attorney," (Def. Opp. at 16), but those cases are clearly distinguishable. In *Zimmerman*, six attorneys billed hours to a straightforward matter ultimately resolved on summary judgment, 2013 WL 6508813 at *10, and in *Simmonds*, the plaintiff was represented by two different counsel teams from the onset of the litigation, which the court found led to duplication of efforts and an unclear delegation of responsibility, 2008 WL 4303474, at *7. In the instant case, by contrast, two attorneys, one in a supervisory role and one in supporting role, handled the majority of Plaintiff's four-year litigation with Charny added to help in anticipation of trial.[4] This decision was reasonable and does not justify a reduction in Plaintiff's fee award.

### C. Improper Billing Entries

While courts evaluating billing records generally do not scrutinize individual entries in isolation, an "entry cannot be so vague as to bar the court from being able to decipher its meaning

---

[4] The Court notes that even as Plaintiff bore the burden of proof at trial, American Sugar had three fairly senior and experienced lawyers present each day of the trial. (*See* Pl's Reply, Dkt. 210, at 7).

in the context in which it appears." *Lewis v. Am. Sugar Ref., Inc.*, No. 14-CV-02302 (CRK), 2019 WL 116420, at *6 (S.D.N.Y. Jan. 2, 2019). Where vague or duplicative and unnecessary billing entries are found, courts typically apply an across the board reduction to the hours billed. *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010). The practice of aggregating multiple tasks into a single billing entry, known as block billing, is not *per se* prohibited, but where such entries make it hard to discern the reasonableness of time allotted to a given task, courts do consider its prevalence in deciding whether reduction is appropriate. *Id.*

American Sugar submits a list of highlighted billing entries, originally submitted by Plaintiff, that it believes are impermissibly vague, (Goldstein Decl., Dkt. 207, Ex. A), contain block-billing (Goldstein Decl., Ex. B), or are duplicative or excessive. (Goldstein Decl., Exs. C & D). After careful consideration, the Court finds Plaintiff's submissions largely adequate. The majority of the "vague" entries identified by American Sugar are either not vague (i.e. "Work on proposed Voir Dire" or "Prepare Gaffney Direct") or to the extent they are vague, are made clear when reviewed in context of previous or subsequent entries. Nonetheless, Defendants do identify some entries that combine so many tasks into one entry that it is hard to discern the reasonableness of time allotted to each task. *See e.g.,* (Goddard Aff., Ex. 1. at 14 (2/14/18 paralegal entry)); (*Id.* at 16 (2/28/18 Goddard entry)). Given the vagueness of these entries, the Court finds a modest across-the-board reduction of 5% is appropriate.

**D. Dismissed Claims**

American Sugar seeks further reduction for "the substantial amount of time spent by Plaintiff's counsel on her unsuccessful claims," (Def. Mem. at 15). Courts do sometimes alter a fee award "to account for limited success." *Castillo v. Time Warner Cable of New York City*, No. 09 CIV. 7644 PAC, 2013 WL 1759558, at *4 (S.D.N.Y. Apr. 24, 2013). Nonetheless, a plaintiff

need not prevail on every claim set forth in her complaint to obtain a fully compensatory fee. *Dague v. City of Burlington*, 935 F.2d 1343, 1358–59 (2d Cir. 1991), *rev'd in part*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). As the Second Circuit has explained:

> Although the most critical factor is the degree of success obtained, where a case presents a common core of facts and related legal theories, district courts should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. When the issues are intertwined factually, a fully compensatory fee award is justified even where a plaintiff does not prevail on all his claims or obtain all relief requested in his complaint.

*Id.*

The dismissed claims in this action center on a common core of facts and related legal theories and, considering Plaintiff's success at trial, do not warrant reduction of her fee award. Plaintiff prevailed at trial on her claim that American Sugar created a hostile work environment on the basis of her sex in violation of New York state and federal law. Although her retaliation and disparate treatment claims were dismissed prior to trial, these claims necessarily incorporated much of the same the evidence and facts as the claim on which she ultimately prevailed.[5] *Galazo v. Pieksza*, No. 3:01-CV-01589(TPS), 2006 WL 141652, at *5 (D. Conn. Jan. 19, 2006). At trial, Plaintiff had to prove a pervasive culture of harassment on the basis of her sex, *see Mayo-Coleman v. Am. Sugars Holding, Inc.*, No. 14CV0079PACKNF, 2017 WL 4157379, at *9 (S.D.N.Y. Sept. 18, 2017), a claim which was clearly bolstered by evidence of the conduct she alleged as part of her dismissed retaliation and discrimination claims.[6]

---

[5] Defendant makes much of the attorney time spent investigating Plaintiff's allegations that she was consistently passed over or denied "Fire Watch" overtime, but the record clearly establishes that Plaintiff's Fire Watch overtime allegations formed part of her hostile work environment claim, *see Mayo-Coleman v. Am. Sugars Holding, Inc.*, No. 14CV0079PACKNF, 2017 WL 4157379, at *3 (S.D.N.Y. Sept. 18, 2017), and formed part of Plaintiff's evidence at trial. (*See e.g.*, Trial Transcript, Dkt. 173, at 14) (direct examination of Plaintiff describing Fire Watch overtime program).

[6] This Court's decision in *Castillo v. Time Warner Cable of New York City*, No. 09 CIV. 7644 PAC, 2013 WL 1759558, at *4 (S.D.N.Y. Apr. 24, 2013), relied upon by American Sugar to justify a reduction, is distinguishable from the present case. In *Castillo*, this Court reduced a fee award where two plaintiffs each brought nine claims of

The Court acknowledges that Plaintiff raised a number of claims throughout this litigation that were ultimately found to be meritless or procedurally barred. Still, the challenging nature of uncovering and collecting evidence in employment discrimination cases, combined with Plaintiff's decision to begin this case *pro se*, likely played a major role in the duration and complexity of this litigation, both of which were beyond the control of Plaintiff's counsel. In light of Plaintiff's unequivocal success at trial, these factors do not justify a modification. *See Galazo*, 2006 WL 141652, at *5.

### III. Litigation Costs

#### A. Legal Standard

Attorney's fees awards include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Plaintiff bears the burden of demonstrating that the costs requested are reasonable. *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 211 (S.D.N.Y 2001).

#### B. Analysis

American Sugar contends that Plaintiff's application fails to meet its burden for the following expenses: (1) $689.00 for "Court Room Connect," a service Plaintiffs contend was unnecessary; (2) Westlaw research fees which are not supplemented by an invoice from Westlaw; and (3) fees associated with the Report and appearance of Plaintiff's expert Robert Goldstein

---

harassment, discrimination and retaliation against their employer and only one plaintiff prevailed at trial on a single claim, receiving a de minimis award in damages. *Id.* Considering the limited success of the prevailing plaintiff, this Court found it appropriate to reduce the overall fee award to account for time spent on the losing co-plaintiff's claims, as well as the prevailing plaintiff's failed claims, which constituted a clear majority of the total claims submitted to the jury. *Id.* The Plaintiff here, by contrast, was the sole plaintiff, she prevailed on all claims submitted to the jury, and she received a significant damage award.

because Plaintiff failed to provide an engagement letter or invoice for the services.[7]

Plaintiff remedies Defendant's objection to the Westlaw charges by providing Westlaw invoices in her reply,[8] and American Sugar's remaining objections are meritless. There is no dispute that Robert Goldstein testified and that a report was produced in connection with his testimony. Plaintiff further certifies that no retainer agreement was ever signed in connection with Goldstein's services and that all paperwork available has been produced to the Court. (Charny Reply Decl., Dkt 211, ¶7). Defendant does not argue that the fee itself is unreasonable and fails to provide any support for the proposition that a retainer agreement must be present before an expert fee can be reimbursed. Defendant's objection to Robert Goldstein's fee is rejected.

As for Court Room Connect, counsel for Plaintiff relied on this technology to access internet in the courtroom and perform necessary research throughout the trial. The cost may be high, but absent proof that the same service can be obtained for less, the Court finds this cost justified and reasonable.

## CONCLUSION

Plaintiff's motion for attorney's fees in connection with her success at trial is GRANTED with the following modifications: (1) Attorney Gabrielle Vinci's hourly rate is reduced from $350 to $250 an hour; (2) the paralegal hourly rate is reduced from $125 to $75 an hour; and (3) a 5% reduction in total hours billed is applied to account for Plaintiff's vague entries. As such, Plaintiff's award is reduced from $378,630 to $334,742. Plaintiff's application for costs is GRANTED without modification.

---

[7] Defendant also objected to a process server fee for a witness who was never called at trial, but Plaintiffs' withdrew that expense and this withdrawal is reflected in the adjusted final disbursement amount requested.

[8] While courts do not consider arguments made for the first time in a reply brief, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000)).

Accordingly, the Clerk of the Court is directed to close the motion at Dkt. 198 and enter judgment awarding Plaintiff $334,742 in fees and $24,940.34 in costs in connection with her success in this action.

Dated: New York, New York
March 5, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge